(No. 31091.—

ALVIN C. BOHM, Appellee, *vs.* STATE EMPLOYEES' RETIREMENT SYSTEM, Appellant.

*Opinion filed September 22, 1949.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and JAMES C. MURRAY, all of Chicago, of counsel,) for appellant.

PUTTING & PUTTING, HARLINGTON WOOD, and HARLINGTON WOOD, JR., all of Springfield, for appellee.

Per CURIAM: The defendant, the Board of Trustees of the State Employees' Retirement System, appeals from a judgment of the circuit court of Sangamon County directing it to issue to the plaintiff a prior service certificate. As the cause is one in which the public revenue is involved and in which the State has a direct and substantial interest, the appeal is properly taken directly to this court.

On February 28, 1948, plaintiff filed his complaint in the circuit court, alleging that at said time "and for several years last past" he had been an employee in the office of the Department of Insurance of this State, and had become a member of the State Employees' Retirement System of Illinois; that he had previously acted as State's Attorney of Madison County from June 13, 1927, through December 4, 1932; that under the terms of the act creating the system he was entitled to prior service credit for the time served in that capacity; that he had duly applied to the defendant therefor; and that defendant refused to grant the credit. The complaint prayed that the decision of the defendant agency be reversed. The defendant moved to strike the complaint and dismiss the action. The trial court overruled this motion and reversed the order of the board. The defendant elected to stand upon its motion.

The facts, therefore, are not in dispute. The sole question is whether, under the terms of the State Employees' Retirement Act of 1943 as amended (Ill. Rev. Stat. 1947, chap. 127, par. 215, *et seq.,*) a member of the system is entitled to credit for services performed as a State's Attorney prior to the date upon which the system was established.

The act creates a comprehensive scheme for providing retirement annuities and other benefits for employees of the State of Illinois, the amount in any specific case being dependent upon the length of service rendered by the particular employee. In determining the length of service, credit is given, under certain specified circumstances, for

service rendered prior to January 1, 1944, the date of establishment of the system. The provisions relating to such prior service credit are found in section 5 of the act. (Ill. Rev. Stat. 1947, chap. 127, par. 219.) Paragraph (b) of section 5, upon which plaintiff bases his claim for such credit, provides, in so far as is relevant, that "With respect to service rendered prior to the date of establishment of the system, each employee in service on December 31, 1943, or on leave of absence on said date not in conflict with Civil Service rules, provided said leave of absence shall not have extended for more than one year continuously, or otherwise entitled to prior service credit, who shall have become a member of the system shall file with the board of trustees * * * a detailed statement of all service rendered by him prior to the date of establishment for which he claims credit. * * * Upon verification of the statements of service the board shall issue a prior service certificate certifying to each member the length of service rendered prior to the date of establishment, with which he is credited on the basis of his statement of service."

There is a substantial ground which precludes the allowance of plaintiff's claim. Section 5(b) merely directs the board to issue a certificate for the length of "service" rendered. It does not define the "service" for which credit shall be given. The definition is found in section 3-7 (Ill. Rev. Stat. 1947, chap. 127, par. 217,) which provides that " 'Service' means service as an *employee* of a department, for which compensation is paid by the State; * * *." (Emphasis supplied.) The word "employee" is in turn defined by section 3-4 of the act. It is there expressly provided that " 'Employee' means any regular classified or unclassified officer or employee who, prior to the date of establishment, received salary, for service rendered to the State of Illinois, on a warrant issued pursuant to a payroll

certified by a Department &ast; &ast; &ast; and drawn by the Auditor of Public Accounts upon the State Treasurer, who is employed in a position normally requiring actual performance of duty during not less than nine hundred (900) hours per year, *but shall not include the following:* any member of the State Legislature or *any incumbent of an office normally filled by vote of the people;* &ast; &ast; &ast;*."* (Emphasis supplied.) It is conceded that the office of State's Attorney is one normally filled by vote of the people. As the service for which plaintiff claims credit was performed as an incumbent of an office normally filled by vote of the people, it was not service performed as an "employee" within the meaning of the act, and, therefore, cannot be service for which credit is allowable under section 5(b). The legislature has the power and authority to define, for the purpose of the statute, the terms used therein, (*McCann* v. *Retirement Board,* 331 Ill. 193,) and it has undertaken to do so in the present act. The definitions therein prescribed must, of course, prevail in applying the statute.

While the plaintiff concedes that an incumbent of the office of State's Attorney is explicitly excluded from acquiring *membership* in the State Employees' Retirement System, he contends that for the purpose of determining the *prior service credit* of a present member of the system, previous service in such capacity is included by the act. To support this contention he argues that section 3-4 prescribes a twofold definition of "employee," namely: (1) one who, "prior to the date of establishment, *received salary* &ast; &ast; &ast;*"* and (2) one who *"receives* payment for the performance of personal services &ast; &ast; &ast;*."* He further maintains that the exclusionary clause which follows applies only to the second class: those described in the present tense.

The fallacy in this position is that the subject of the clause, "shall not include the following," is the word

"employee," appearing at the beginning of the section. There is no other subject to which those words can refer. They must apply, therefore, regardless of whether the person in question is one "who receives payment for the performance of personal services" or is one "who, prior to the date of establishment, received salary * * *." The language of the statute is explicit in providing that " 'employee' * * * shall not include the following: * * * any incumbent of an office normally filled by vote of the people." It is clear that the plaintiff was not an employee, under this definition, when he occupied the office of State's Attorney. As his service in that capacity was not service as an "employee," it cannot be creditable service within the meaning of section 5.

Appellee seeks to separate the duties of a State's Attorney and argues, since he is paid a part of his salary by the State for duties performed to the State, he is an "employee" and is not barred by the exclusion of the statute as an "incumbent of an office normally filled by vote of the people." We conclude there can be no doubt that he is an elected official for all purposes. He qualifies and enters upon his duties on behalf of the State by virtue of his election, and all his rights, duties, and obligations therein appertaining flow to and from him because of that election. He cannot receive the emoluments from the State for these particular services other than he be elected by the people of his county.

We conclude that the circuit court erred in its interpretation of the act. The judgment is, therefore, reversed and the cause remanded with directions to dismiss the complaint.

*Reversed and remanded, with directions.*