**E. Thomas McBreen, et al., Appellees, v. Iceco, Inc., and Clemens J. Tafel, Appellant.**

**Gen. Nos. 46,629, 46,951.**

First District, First Division.
November 19, 1956.
Released for publication February 11, 1957.

373

Winston, Strawn, Black & Towner, of Chicago, for Clemens J. Tafel, appellant; Edward J. Wendrow, Alexander J. Moody, and Thomas A. Reynolds, Jr., all of Chicago, of counsel.

Powers and Boyd, of Chicago, for appellees.

JUDGE BURKE delivered the opinion of the court.
On July 24, 1953, twelve plaintiffs filed a complaint under the Illinois Securities Law of 1919 against Iceco, Inc., an Illinois corporation, and Clemens J. Tafel and prayed that judgment be entered for each plaintiff for the amount paid for the stock of the corporation and attorneys' fees in the action. On October 28, 1953, a judgment aggregating $92,500, including $8,500 attorneys' fees, was entered in favor of the twelve plaintiffs and against the corporation in default of an answer. There was no appeal from this judgment. On February 11, 1954, an amended complaint was filed against Tafel. On October 22, 1954, a similar judgment was entered against Tafel on the amended complaint and his third amended answer. On November 17, 1954, the court denied defendant's motion to vacate the judgment and for leave to file his tendered answer instanter. Tafel, hereinafter called the defendant, appeals from the judgment and the order denying his motion to vacate the judgment. Subsequent to the filing of the briefs the defendant moved to reverse the judgment. From the suggestions and counter suggestions accompanying the motion it appears that on June 10, 1954, plaintiffs, as petitioning creditors, filed an involuntary petition under Chapter X of the Bankruptcy Act against the corporation in the United

374

States District Court for the Northern District of Illinois, Eastern Division. The petition stated that plaintiffs were creditors of the corporation in the amount of $92,500 by virtue of the default judgment. The petition was subsequently approved as filed in good faith and an order was entered retaining the debtor-in-possession of its properties and business. By authority of an order entered on September 8, 1954, a trustee operated and managed the affairs of the corporation from September 13, 1954 to and including June 30, 1955. A proposed plan of reorganization submitted by the trustee was approved by a sufficient proportion of the stockholders and creditors. Three of the plaintiffs did not sign acceptances of the plan. Each of the remaining nine filed an acceptance "without prejudice" to his rights as against Clemens J. Tafel in the then pending case.

On June 20, 1955, the District Court entered an order confirming the trustee's plan. The order directed the judgment creditors (plaintiffs) to turn over to the trustee each and every certificate of stock of the debtor upon which their judgments were based and instructed the trustee to cancel the certificates upon consummation of the plan and directed the trustee to cause to be issued to the judgment creditors promissory notes of the reorganized company. Pursuant to the order of the District Court the plaintiffs turned over to the trustee all of their stock in the corporation, and pursuant to the plan of the reorganization the trustee canceled the stock certificates and issued to plaintiffs $92,500 of promissory notes of the reorganized company, known as Schwartz Carbonic Company. Defendant urges that plaintiffs have no lawful right to collect on their judgment against him because they are no longer able to turn over to him the stock originally sold to them, but only promissory notes of a reorganized company; that the fact that the

common stock was found to be worthless in the reorganization proceedings does not excuse plaintiffs from making a valid tender; that even if it be assumed that the alleged worthlessness of the common stock would excuse its tender, the preferred stock was not worthless and can no longer be tendered; that the contract must be rescinded in toto and cannot be rescinded in part; and that plaintiffs by accepting promissory notes in the reorganized company in exchange for their judgment against it and surrendering the common and preferred stock which formed the basis of the default judgment against it, have elected to collect and have collected their judgment from the corporation and cannot now collect their judgment against defendant because in legal effect it has also been satisfied.

■ Plaintiffs brought their action under Section 37 (1) of the Illinois Securities Act of 1919 [Ill. Rev. Stats. 1953, ch. 121½, § 132, subd. (1)], which provides:

"Every sale and contract of sale made in violation of any of the provisions of this Act shall be void at the election of the purchaser and the seller of the securities so sold, the officers and directors of the seller, and each and every solicitor, agent or broker of or for such seller who shall have knowingly performed any act or in any way furthered such sale, shall be jointly and severally liable in an action at law or in equity, upon tender to the seller or in court of the securities sold to the purchaser for the amount paid together with his reasonable attorney's fees in any action brought for such recovery."

It will be observed that this statute conditions liability upon tender to the seller or in court of the securities sold. In the instant case the seller is the corporation. The liability of the defendant is predicated on his position as an officer and director of the corporation. There is no requirement that there be a tender to the defend-

ant. The tender had theretofore been made to the corporation. After the tender to the corporation, as disclosed in the complaint, the plaintiffs had the right to do any acts with respect to the stock certificates reasonably necessary to protect their interests. The issue as to tender should be made up and decided with the entry of the judgment. In our opinion it was unnecessary to tender the stock to the defendant. It had theretofore been tendered to the corporation. What plaintiffs did with the stock was all to the advantage and best interest of the defendant. Plaintiffs now hold notes of the reorganized corporation. Should there be a judgment against the defendant, he will receive credit for whatever amount plaintiffs receive in payment of the notes. Therefore, the motion of the defendant to reverse the judgment on account of the occurrences after the entry of the judgment is denied. Because of an inquiry by the court during the oral argument of the case, the defendant filed a petition in the Circuit Court in the nature of a writ of audita querela to vacate the judgment or in the alternative for a permanent stay of execution. The motion was based on the facts above recited. The court denied the motion. The defendant appealed from that order. That appeal was consolidated with the first appeal. The judgment of the Circuit Court in the second appeal (46951) is affirmed.

We turn to a consideration of the points urged in the appeal from the judgment for $92,500 entered on October 22, 1954. The defendant insists that the amended complaint fails to allege causes of action and cannot support the judgment because it does not allege that the sales of stock were made to plaintiffs in this state. There is no right of action under the statute unless the sale complained of took place in Illinois. People v. Hill Top Metals Min. Co., 300 Ill. 564; People v. J. O. Beekman & Co., 347 Ill. 92, 97; Mayer v.

Rankin, 91 Utah 193, .63 P.2d 611. See also Los Angeles Fisheries, Inc. v. Crook, 47 F.2d 1031; Brocalsa Chemical Co. v. Langsenkamp, 32 F.2d 725; Robbins v. Pacific Eastern Corp., 8 Cal.2d 241, 65 P.2d 42; In re Suckow's Estate, 192 Wis. 124, 212 N. W. 280. In Fletcher, Cyclopedia Corporations (1945 Rev. Vol.) Sec. 6742, the author states:

"The law which governs is the law of the place where the contract of sale was made, as in other cases involving the validity of contracts in general for the purchase and sale of stocks, i. e., the law of the state where occurred the last act necessary to make the contract complete . . . Such laws have no extraterritorial effect. They have no application to the issuance of stock in another state."

█ The amended complaint does not allege that any of the sales took place in Illinois. Defendant's answer does not allege that any of the sales occurred outside of this state. The tendered fourth amended answer alleged that all of the sales to six of the plaintiffs took place in New Mexico. Plaintiffs maintain that their complaint is within the language of the Illinois Securities Act and that the fact that the sales of stock may have occurred outside of the state is for the defendant to plead by way of a defense. In discussing the case of Mayer v. Rankin, supra, cited by defendant, plaintiffs point out that the securities statute of Utah contains an express provision that no security except of an exempt class or exempt transaction shall be sold within the state of Utah unless such securities shall have been registered. Plaintiffs point out that unlike the Illinois statute the Utah law provides that no security except of a certain class "shall be sold within this state." It has been uniformly held that the law which governs the sale of securities is the law of the place where the contract of sale was made. The statute, the provisions of which the defendant is

charged with violating, is an Illinois securities law. Our Illinois courts hold that it does not have extraterritorial application. In our opinion the rule laid down in the Utah case is applicable to the facts presented by the pleadings before us.

Plaintiffs assert that the complaint adequately infers that the sale of the securities came within the statute. They say that if it should be considered that the defendant should have been apprised of the fact that the sales occurred within the state, then it is their position that the amended complaint does so apprise the defendant. They state that the action is brought under the Illinois securities law which gives rise to the inference that the sales are within that law. They call attention to the allegation that the corporation's plant is located in New Mexico while its principal office is in Chicago. We cannot agree with the plaintiffs that there is any allegation in the amended complaint to the effect that the sales occurred in Illinois. The allegation that plaintiffs' principal office was in Chicago cannot be construed as an allegation that the sales occurred in Illinois.

 A complaint under the Illinois Securities Act which fails to allege ultimate facts showing that the sale complained of occurred in this state does not allege a cause of action. In Lasko v. Meier, 394 Ill. 71, the court said (at page 75):

"If, with all intendments in its favor, a complaint wholly and absolutely fails to state any cause of action at all, objection can be made to it for the first time on appeal. But, on the other hand, if the complaint states a cause of action, no matter how defectively or imperfectly alleged, and the same is not challenged below, then such defectively stated cause of action is cured by verdict and cannot be questioned on appeal. . . . A cause of action consists of a right belonging to the plaintiff and some wrongful act or omission

379

done by the defendant by which that right has been violated and a grievance suffered therefrom by the plaintiff for which the law gives him a right to sue. A cause of action includes every fact necessary for the plaintiff to prove to entitle him to succeed, and every fact which the defendant would have a right to traverse."

After trial and verdict a court of review will do its utmost to construe a pleading as effectively alleging a good cause of action rather than failing to allege a cause of action. Where the plaintiff obtained a judgment on the pleading, the reason for the foregoing rule does not exist. In the instant case the amended complaint cannot be aided by verdict because there was no trial. Section 45 (4) of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 169, subd. (4)] provides that upon motions based on defects in pleadings, substantial defects in prior proceedings may be considered in so far as they are material to the ruling sought. Our Supreme Court spoke on this subject in Parrino v. Landon, 8 Ill.2d 468. This case emphasizes the trend to uphold a judgment after verdict where a substantial allegation is lacking in the complaint. We do not feel that the Supreme Court intended to change the rule heretofore applicable in judgments on pleadings where a substantial allegation was lacking in the complaint. In the instant case the amended declaration fails to make an essential averment. The plaintiffs are not in a position to say that material defect in their complaint was cured by verdict or finding of the court following a trial. For that reason the judgment should be reversed.

The defendant asserts that his third amended answer raises issues of fact as to whether the stock which plaintiffs purchased was in Class D or Class B and that the court erred in entering judgment on the

pleadings. Subparagraph 2 of Section 37 of the Securities Act in effect at the time provides that in any action where the seller or issuer relies for his defense upon any of the exemptions provided for in the Act, the burden of proof to establish the exemption shall be upon such issuer or seller. In People v. Wilson, 375 Ill. 506, the court states that this is a legislative pronouncement and that the burden was on the defendant to show that the securities were sold to the complaining witness under such circumstances as to bring the sale within one of the exemptions specified in Section 5 [Ill. Rev. Stats. 1939, ch. 121½, § 100] thereby making the security of Class B and exempt from registration. In that case the court said that the burden was on the defendant to prove that the sale was in good faith, with no intent to defraud and that the sale was not either directly or indirectly for the benefit of the corporation, nor for the direct or indirect promotion of any scheme or enterprise of the company. We are of the opinion that in his third amended answer the defendant failed to allege ultimate facts which qualify the sales of stock to the plaintiffs as exempt sales under Class B and that the trial judge was right in so holding.

The judgment of the Circuit Court of Cook County in case 46,629 entered October 22, 1954, is reversed and the cause is remanded with directions for further proceedings consistent with these views.

Judgment in case 46,629 reversed and cause remanded with directions and judgment in case 46,951 affirmed.

NIEMEYER, P. J. and FRIEND, J., concur.