CHICAGO-MIDWEST MEAT ASSOCIATION *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF EVANSTON *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-1117

Opinion filed June 1, 1981.

John J. Corbett and Norman Light, both of Chicago, for appellants.

Charles L. Michod, of Chicago, for appellee Village of River Forest.

Staehlin, Jantorni & Sullivan, of Chicago (John M. Sullivan and Susan L. Jantorni, of counsel), for appellee Village of Bellwood.

Ellen J. Alexander, of Evanston, for certain other appellees.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiffs, Chicago-Midwest Meat Association (Association) and 75 individual corporations (corporations) engaged in the meat food products industry, appeal from the dismissal of their action seeking declaratory and injunctive relief against the 14 municipal defendants. The suit, initiated on August 20, 1979, was brought under the Illinois Meat and Poultry Inspection Act (Ill. Rev. Stat. 1979, ch. 56½, par. 301 *et seq.*), the Constitution of the State of Illinois, and the Federal Wholesome Meat Act (21 U.S.C. §601 *et seq.* (1976)) to seek a declaration of rights and injunctive relief against enforcement of food delivery vehicle inspection and licensing ordinances enacted by the municipalities.

The complaint charged that the inspection and licensing schemes imposed by the various municipal ordinances contravened section 4(a) of the Illinois Meat and Poultry Inspection Act (Act) (Ill. Rev. Stat. 1979, ch. 56½, par. 304(a)). The complaint alleged that the Act exempts plaintiffs from these requirements. The trial court dismissed this cause upon defendants' motion.

The motion to dismiss rests upon two basic principles: the first ground urged for dismissal was based on the res judicata effect of a Federal court action where the Association, as the only plaintiff, had sought similar declaratory and injunctive relief premised solely on the Federal Wholesome Meat Act; the second ground was that the plaintiffs failed to state a cause of action because the municipal ordinances related to meat delivery vehicles, while the Act is concerned with "establishments." An additional ground to dismiss the Association itself was because of its lack of standing under Illinois law.

The trial court dismissed as to the Association for lack of standing and as to the remaining plaintiffs upon the res judicata effect of the Federal action.

In light of the recent holdings found in *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256, and *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 362 N.E.2d 298, the Association does not challenge the order dismissing it for lack of standing to prosecute this suit. The remaining plaintiffs argue that neither the doctrines of res judicata nor pendent jurisdiction should prohibit them from pursuing their action at trial. The root of this argument hinges on the effect to be given the decision of the Seventh Circuit Court of Appeals affirming the summary judgment

against the Association in the Federal action based upon the Federal Wholesome Meat Act.

In that action, the Association, acting on behalf of its members, claimed that the municipal ordinances requiring inspection and licensing of meat delivery trucks were pre-empted by the Wholesome Meat Act. The Federal District Court determined that the ordinances in question were not in conflict with the Wholesome Meat Act. The court of appeals affirmed (*Chicago-Midwest Meat Association v. City of Evanston* (7th Cir. 1978), 589 F.2d 278, *cert. denied* (1979), 442 U.S. 946, 61 L. Ed. 2d 318, 99 S. Ct. 2895, holding that the Wholesome Meat Act preempts State regulation which is " 'in addition to, or different' from the federal scheme * * * only on the site of the regulated establishment." (589 F.2d 278, 283.) The court, after analyzing legislative history related to the Wholesome Meat Act, determined that the States could regulate meat delivery vehicles not on the premises of the regulated establishment.

Plaintiffs argue that the action in the Federal court cannot be res judicata in this action because the former was the result of a misconception of the remedy available. (*Orminski v. Hyland Electrical Supply Co.* (1945), 326 Ill. App. 392, 62 N.E.2d 14; *Rotogravure Service, Inc. v. R. W. Borrowdale Co.* (1979), 77 Ill. App. 3d 518, 395 N.E.2d 1143; Restatement of Judgments §65 (2) (1942).) Defendants assert that as a result of the federal action traditionl notions of res judicata bar plaintiffs from litigating their claim in the state courts. *People v. Kidd* (1947), 398 Ill. 405, 75 N.E.2d 851; *La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 337 N.E.2d 19, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 177, 96 S. Ct. 1668.

We do not find it necessary, however, to resolve this case upon the legal ramifications of the doctrines of either res judicata or pendent jurisdiction. The real issue on this appeal is whether the order of dismissal was correct and not the reasoning of the trial court or the grounds for the order. (*Stigler v. City of Chicago* (1971), 48 Ill. 2d 20, 268 N.E.2d 26; *Packard Instrument Co. v. Reich* (1980), 89 Ill. App. 3d 908, 412 N.E.2d 617.) We find that the municipal ordinances are neither pre-empted by nor inconsistent with the Illinois Meat and Poultry Inspection Act.

The Meat and Poultry Inspection Act provides (Ill. Rev. Stat. 1979, ch. 56½, par. 304(a)):

> "Recognition is extended to the various municipal inspection departments now in existence or which may be inaugurated within the State. This Act does not prohibit any city, village, or incorporated town from enactment and enforcement of ordinances establishing a system of continuous meat and poultry products inspection, provided such ordinances establish a system at least equal to State inspection. However, an *establishment* that is inspected by

the Department or an agency of the federal government is exempt from any inspection system established by a municipality, and an establishment required to obtain a license from this State or an agency of the federal government is exempt from any licensing requirements of a municipality." (Emphasis added.)

The term "establishment" used in section 4(a) is defined (Ill. Rev. Stat. 1979, ch. 56½, par. 302.5):

"* * * [A]ll premises where animals, or poultry, or both, are slaughtered or otherwise prepared for food purposes, meat or poultry canneries, sausage factories, smoking or curing operations, locker plants, processing plants, food plan operations, or similar places."

■■ Statutory language must be given its plain, ordinary meaning. (*Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 381 N.E.2d 222.) Courts cannot legislate, but must interpret the law as announced by the legislature. (*People v. Lang* (1978), 62 Ill. App. 3d 688, 378 N.E.2d 1106; *Smith v. Board of Education* (1950), 405 Ill. 143, 89 N.E.2d 893.) Courts are to decide and enforce the law as enacted, to interpret the language used where it requires interpretation, and not to annex new provisions or substitute different ones, or read into a statute exceptions, limitations or conditions which depart from its plain meaning. *Belfield v. Coop* (1956), 8 Ill. 2d 293, 134 N.E.2d 249.

It is apparent on its face that the language of the statute in question is certain and unambiguous. The legislature specifically recognizes that the municipalities of this State may establish methods of regulating and inspecting meat and poultry products. The municipal ordinances called into question by plaintiffs create inspection and licensing procedures for food delivery vehicles delivering to stores within the individual municipal boundaries. There are no "establishments," as defined by the Act, within the boundaries of any of the defendant municipalities.

The power of a legislative body to articulate reasonable definitions of any terms within its enactment is well recognized and such definitions for the purpose of its acts will be sustained to the exclusion of hypothetical indulgences. (*Heerey v. Zoning Board of Appeals* (1980), 82 Ill. App. 3d 1088, 403 N.E.2d 617; *Modern Dairy Co. v. Department of Revenue* (1952), 413 Ill. 55, 108 N.E.2d 8; *Bohm v. State Employees' Retirement System* (1949), 404 Ill. 117, 88 N.E.2d 29.) The construction of section 4(a) urged by plaintiffs would clearly expand the definition of "establishment" beyond that intended by the legislature.

■■ In addition, we find that the municipal ordinances before us are not inconsistent with the purposes of the Act. Inspection of delivery vehicles away from the premises of the establishments, as provided for in the ordinances, does not conflict with the provisions of the Act which require

970

inspection of the establishment itself. Indeed, the ordinances further the purpose of the Act, to protect the health and welfare of local consumers in Illinois.

The order of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG and McGLOON, JJ., concur.