SAMUEL BENJAMIN, M.D., Plaintiff-Appellant, v. CABLEVISION PRO-GRAMMING INVESTMENTS *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—2561

Opinion filed April 17, 1985.

Harvey J. Barnett & Associates, Ltd., of Chicago (Harvey J. Barnett and Michael S. Blazer, of counsel), for appellant.

Friedman & Koven, of Chicago (Michael D. Sher and Rowe W. Snider, of counsel), for appellees.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Plaintiff Samuel Benjamin, M.D., filed a complaint in the circuit court of Cook County seeking to rescind the purchase of one limited partnership interest in Cablevision Programming Investments (Cablevision), an Illinois limited partnership. Defendants are Cablevision and its general partners: Communications Management Corporation, Cable Equity, Inc., and Charles F. Dolan. The action was brought under the Illinois Securities Law of 1953, as amended (the Illinois Act) (Ill. Rev. Stat. 1979, ch. 121½, par. 137.1 *et seq.*). The complaint alleged in count I that defendants had failed to comply with the registration requirements of section 5 of the Illinois Act (Ill. Rev. Stat. 1979, ch. 121½, par. 137.5). In count II, plaintiff alleged that defendants had failed to comply with the reporting requirements of section 4(G) of the Act (Ill. Rev. Stat. 1979, ch. 121½, par. 137.4(G)).[1] On September 29, 1983, the court granted defendants' motion to dismiss the complaint for failure to state a cause of action. Plaintiff appeals.

This is a case of statutory interpretation. At issue is whether the specific language of the section 5 registration requirements or the section 4(G) reporting requirements applies to this sale of a security to a California resident. There are no allegations of fraud or misrepresentation in the complaint.

In August 1980, plaintiff, a resident of California, purchased one limited partnership unit in Cablevision for $200,000. It is undisputed that plaintiff was never in Illinois in connection with this sale. Plaintiff was solicited for purchase in California. He was sent a subscription agreement which he executed, giving his address in Torrance, California. The subscription agreement was returned to defendants and accepted in Illinois. Notification of acceptance was sent to the plaintiff in California.

In December 1982, plaintiff sent the defendants a notice of election to void the sale of the limited partnership unit. The notice stated that plaintiff's right to void the sale was premised on defendants' failure to register the security pursuant to section 5 of the Illinois Act and their failure to qualify for any exemption therefrom, particularly an exemption under section 4(G). Plaintiff tendered his interest in Cablevision and demanded rescission. The defendants notified plaintiff that they would not void the sale, and this action followed.

---

[1]The Illinois Act was amended in 1983 and section 4(G) was entirely rewritten.

Defendants' motion to dismiss asserted that neither count of plaintiff's complaint contained the requisite allegations of fact establishing that the sale of a limited partnership unit to the plaintiff was either a "sale in Illinois" (count I) or one made to "a person in this state" (count II). The trial court agreed and granted the motion to dismiss for failure to state a cause of action. On appeal, plaintiff contends that (1) the complaint sufficiently alleges that the sale of the limited partnership unit occurred in Illinois and (2) the section 4(G) exemption is not limited to purchasers who are Illinois residents or those physically present in Illinois.

■ The registration requirements of section 5 of the Illinois Act mandate registration "prior to a sale in this State ***." (Ill. Rev. Stat. 1979, ch. 121½, par. 137.5.) To support a cause of action for rescission, plaintiff must allege ultimate facts showing that the complained-of sale occurred in Illinois. (*McBreen v. Iceco, Inc.* (1956), 12 Ill. App. 2d 372, 139 N.E.2d 845; accord, *Gottlieb v. Vaicek* (N. D. Ill. 1975), 69 F.R.D. 672, *aff'd without opinion* (7th Cir. 1976), 544 F.2d 523.) Plaintiff argues that because the complaint alleges that the solicitation emanated from Illinois, that the documents were returned to Illinois, and that the offer was accepted in Illinois, it contains allegations sufficient to show that the sale to plaintiff was a sale in Illinois. Defendants argue that the exhibits to plaintiff's complaint contradict plaintiff's allegations because they indicate that plaintiff was a California resident, that plaintiff was solicited in California, that plaintiff executed the purchase agreement in California and that plaintiff received confirmation of the sale in California.

This is a case of first impression in Illinois. A few cases have examined the scope of a sale under the Illinois Act to determine *when* a sale has occurred (see, *e.g.*, *Silverman v. Chicago Ramada Inn, Inc.* (1965), 63 Ill. App. 2d 96, 211 N.E.2d 596), but no court has ruled on the "sale in this state" requirement of section 5.

The leading case regarding a sale under the Illinois Act is *Green v. Weis, Voisin, Cannon, Inc.* (7th Cir. 1973), 479 F.2d 462, and both parties rely on it to support their positions. In *Green*, the plaintiffs were Illinois residents and were solicited for purchase in Illinois, except one plaintiff, also a permanent resident of Illinois, was solicited in Florida. Plaintiffs accepted defendants' offer in Illinois and sent their purchase money to defendants' Chicago office. The defendants in *Green* contended that because the checks were forwarded to their New York office and deposited in a New York bank account, the sale was a New York sale. The district court separated the transaction into its common law components and concluded that the transaction was a

sale in New York because that was the site of the final acceptance. The seventh circuit reversed, noting that the statutory definition of "sale" under section 2.5 of the Illinois Act controlled and made the common law concepts irrelevant. The court found that the sales to the *Green* plaintiffs were sales in Illinois.

The seventh circuit determined that Illinois residents would be best protected if issuers were subject to the Illinois Act from the moment they solicited an offer in Illinois. To hold otherwise would allow the seller to solicit offers in Illinois yet escape responsibility under the Illinois Act by performing some activity entirely within his control at or from another location. The court concluded that such an interpretation would subvert the paternalistic purposes of the Act. *Green v. Weis, Voisin, Cannon, Inc.* (7th Cir. 1973), 479 F.2d 462, 465.

■ Similarly, in the instant case, the trial court analyzed the positions of the purchaser and seller relative to the purposes of the Illinois Act. The court rejected the idea of tracking all of the transactional steps to determine where the sale occurred and instead urged adherence to the principle that the purchaser's location control the place of sale. The trial court noted that a purchaser is presumed to be familiar with the laws of his own State. He is, therefore, best protected when he can choose the site to consummate the important elements of the transaction and thus the law by which the transaction will be governed. This accords with the seventh circuit's refusal to let the effectiveness of a law designed to protect purchasers be subject to the seller's control. The trial court also stressed that construing the statute such that the purchaser's location controls the place of sale would afford stability and certainty to cases brought pursuant to the Act. We agree that this construction is preferable to the artificial method of counting transactional steps in an effort to determine which State has more "contacts" with the transaction. This construction is also consistent with the seventh circuit's finding that the location of transactional steps is irrelevant where the statutory definition of "sale" controls. Plaintiff failed to sufficiently allege a sale in Illinois, and count I of the complaint was properly dismissed.

■ Plaintiff also appeals the dismissal of count II of his complaint. He argues that the private offering exemption contained in section 4(G) of the Act is not limited to purchasers who were either physically present in or residents of Illinois when the transaction at issue otherwise involves a sale in Illinois. The language at issue is found in section 4(G) of the Act:

> "The sale or sales of securities *** to not more than 35 persons in this state ***." (Ill. Rev. Stat. 1979, ch. 121½, par.

137.4(G).)

Plaintiff contends that the phrase "in this state" modifies "sales," which is governed by the broad statutory definition of the term in section 2.5. (Ill. Rev. Stat. 1979, ch. 121½, par. 137.2—5.) He suggests that this construction furthers the legislative purpose of regulating and protecting sales that emanate from Illinois.

It is, however, clearly established in Illinois that in construing a statute, the language must be given its plain and ordinary meaning. (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 429 N.E.2d 494; *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 361 N.E.2d 585.) Courts are to enforce the law as enacted, to interpret the language used where it requires interpretation and not to read into it exceptions, limitations or conditions which depart from its plain meaning. (*Chicago-Midwest Meat Association v. City of Evanston* (1981), 96 Ill. App. 3d 966, 422 N.E.2d 205.) Further, the construction of a statute variant from its strict and literal meaning is justified only upon the ground that it effectuates the intent of the legislature manifestly disclosed by a consideration of the whole context. *Davis v. Bughdadi* (1983), 120 Ill. App. 3d 236, 458 N.E.2d 177.

■ The trial court in the instant case correctly noted that section 4(G) governs security *offerings* and not merely single transactions: a security offering is exempt from registration if the offers and sales to persons in this State are below the statutory number and if the sales to persons in this State are reported to the Secretary of State. The purpose of section 4(G) was to make more feasible small financing transactions in order to help small businesses raise capital. The 4(G) limitations were designed to strike a balance between protection of the public and freedom of action for the sellers of securities broad enough to effectuate the purpose of the private offering exemption and narrow enough to limit abuses. (Ill. Ann. Stat., ch. 121½, Appendix, Interpretive Comments and Notes on Securities Laws of 1953 as Amended, at 598 (Smith-Hurd 1960).) The trial court examined the language of section 4(G) and concluded that the plain meaning of the words "in this state" barred the cause of action alleged in count II of plaintiff's complaint. The trial court found further support for its construction in the doctrine of last antecedent, which provides that modifying words or phrases are construed to modify the words of phrases immediately preceding them and not preceding words and phrases that are more remote. *People v. Thomas* (1970), 45 Ill. 2d 68, 256 N.E.2d 794.

We agree. When considered in the context of section 4(G), plaintiff's strained interpretation of the statutory language is unwar-

ranted. The sale to this plaintiff is not covered by the statutory language "sale to a person in this state," and therefore there was no duty to file a 4(G) report with the Secretary of State as to him. Count II was also properly dismissed.

Both parties have provided the court with cases from foreign jurisdictions, but an examination thereof is inconclusive since the underlying statutes differ from the Illinois Act. Defendants also provided the court with professional literature from the securities bar which seemed to indicate that the phrase "persons in this state" has historically been understood to mean "residents." We agree, however, with the trial court that an analysis of this phrase is unnecessary in light of the plain meaning of the words as they relate to the facts in this case.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.

