394 P.2d 274

Erna B. BILLS and Erna B. Bills as Executrix of the Estate of Alvin B. Bills, deceased, Plaintiffs-Appellants,

v.

ALL-WESTERN BOWLING CORPORATION, Don Lohbeck and George F. Winneberger, Defendants-Appellees.

No. 7438.

Supreme Court of New Mexico.

July 20, 1964.

Ann Wilcox Hood, Albuquerque, for appellants.

Snyder H. Downs, Santa Fe, for appellees.

MOISE, Justice.

Plaintiffs brought this action under § 48–18–31, N.M.S.A.1953, to recover the purchase price of securities sold in alleged violation of The Securities Act of New Mexico, more commonly known as the Blue Sky Law. §§ 48–18–16 et seq., N.M.S.A.1953. From a dismissal of their action, plaintiffs appeal. The defendant-appellees, who will be referred to by name, are: All Western Bowling Corporation, in which plaintiffs purchased stock; Don Lohbeck, president of All-Western Bowling Corporation, and the party who actually made the sale of stock here in question; George Winneberger, secretary of All-Western Bowling Corporation, and who, in his official capacity, signed the stock certificates that were issued to plaintiff.

In their complaint, plaintiffs alleged that defendants were liable for the purchase price of the stock because the sale had been fraudulently induced and had been made in violation of §§ 48–18–16 et seq., N.M.S.A. 1953.

Defendants claimed that the issuance and sale of this stock was exempt from the Blue Sky Law under § 48–18–22(J), N.M. S.A.1953. This section provides in substance that if the number of stockholders in the corporation do not exceed twenty-five, and will not exceed this number as a result of the sale, or if the aggregate amount raised by the sale of stock does not, and will not, as a result of the sale, exceed $50,000.00, then the sale is exempt if the seller reasonably believes that the purchaser of the stock is purchasing for investment and no commission is paid for the solicitation of any prospective purchaser.

The plaintiffs had done business with Lohbeck in connection with a tailoring business operated by them in Albuquerque. Bowling trophies displayed by plaintiffs in their place of business provided a topic for conversation on one of Lohbeck's visits to plaintiffs' shop. That was followed by

Lohbeck advising plaintiffs of the formation of the All-Western Bowling Corporation to build bowling lanes in the state and offering to sell stock in the corporation to plaintiffs. Plaintiffs subscribed for 1500 shares of stock in the corporation on January 27, 1961, and paid $150.00 "down." On March 8, 1961, the balance of the purchase price, $1,350.00, was paid. When plaintiffs signed the subscription agreement, they also signed a statement that the stock was being purchased for investment purposes, and not with a view to redistribution.

On August 25, 1961, All-Western Bowling Corporation applied for registration by qualification pursuant to § 48–18–19.5, N.M. S.A.1953. On December 7, 1961, the application for registration was refused and any further sale of the securities forbidden.

Needless to say, the corporation ran into difficulties and the plaintiffs are here seeking a return of their money on the grounds that because of failure to register the stock for sale pursuant to § 48–18–19.5, supra, the purchase price may be recovered under § 48–18–31, N.M.S.A.1953, which provides:

"Every sale or contract for sale made in violation of any of the provisions of this act * * * shall be voidable at the election of the purchaser. The person making such sale or contract for sale, and every director, officer, salesman or agent of or for such seller who shall have participated or aided in any way in making such sale, shall be jointly and severally liable to such purchaser in any action at law * * *."

Plaintiffs have raised three questions. In light of our view and disposition of the first two points, it will be unnecessary to consider the third.

■ First, it is argued that defendants did not, as a matter of law, prove the sale to plaintiffs was exempt under § 48–18–22(J), N.M.S.A.1953. By the terms of § 48–18–33(a), N.M.S.A.1953, where the defense to an action is grounded on one of the exemptions provided in the statute, the party raising that defense has the burden of proving the existence of the exemption. The total evidence to sustain the exemption, found by the lower court to exist, was the testimony of Mr. Lohbeck, who testified concerning the facts surrounding the sales, which, if true, made them exempt under the statute. Peter Wainwright, who was commissioner of securities, testified concerning the number of sales and amount raised thereby on the basis of the information contained in the application forms filed for registration by All-Western Bowling Corporation.

Plaintiffs contend that since the books and records of the corporation were available, and not produced, the defendants failed to sustain their burden of proof on such items as whether the $150.00 down payment was retained by Mr. Lohbeck as a commission rather than paid into the cor-

poration; and further, that the books would have shown the number of stockholders in the corporation and the amount of capital to be raised by the sale of stock and, by not producing them, failure of defendants to sustain the burden of proof resting on them under the act resulted. To support this argument, plaintiffs cite us to three cases: Commonwealth v. Harrison, 137 Pa.Super. 279, 8 A.2d 733; People v. Wilson, 375 Ill. 506, 31 N.E.2d 959; McBreen v. Iceco, Inc., 12 Ill.App.2d 372, 139 N.E.2d 845.

Commonwealth v. Harrison, supra, was a criminal prosecution for violation of the Pennsylvania Blue Sky Law. The defendants in that case were attempting to prove they were exempt from the provisions of the law. One of the requirements was that the stock be sold exclusively for the benefit of the corporation, and that no commissions or other remuneration be retained by the person making the sale. To prove this, defendants put on the corporation's office manager, who was also the wife of one of the defendants. She testified that all proceeds from the sales in question went into the treasury of the corporation. None of the records or books of the corporation were produced, and the jury found the defendants guilty thereby determining the sales were not proven exempt.

On a reading of the pertinent part of the opinion, it is evident that defendants had failed to carry their burden of persuasion by the uncorroborated testimony of the office manager. Thus, the question was not whether, as a matter of law, the corporate books had to be produced to sustain the burden of proving an exemption, it was really a question of whether the defendants had persuaded the jury. The language used by the court was merely to illustrate what defendants might have done to be more convincing.

The other two cases cited by plaintiffs, People v. Wilson, supra, and McBreen v. Iceco, Inc., supra, merely support the rule imposed on this court by statute, that when defendants rely on an exemption as a defense, the burden of proof thereof is on the party so alleging. § 48–18–33(a), supra.

■ Although the introduction of the corporate records would have added to the quality of the evidence, we see nothing in § 48–18–33(a), supra, that indicates the legislature intended anything beyond fixing where the burden of proof lies, and did not intend to impose a higher standard of proof than that ordinarily required in civil actions.

■■ This being so, our review is limited to whether the facts found by the trial court, upon which a conclusion of exemption under § 48–18–22(J), supra, is based, are supported by substantial evidence. Adams v. Cox, 55 N.M. 444, 234 P.2d 1043; Mosely v. National Bankers Life Ins. Co., 66 N.M. 330, 347 P.2d 755. Of course, if

the trial court's findings are supported, they will not be disturbed on appeal. Entertainment Corp. of America v. Halberg, 69 N.M. 104, 364 P.2d 358; Sellers v. Skarda, 71 N. M. 383, 378 P.2d 617; Gladin v. Compton, 72 N.M. 175, 381 P.2d 961. This is true even though a contrary finding would likewise be sustained, or might in our opinion be more. appropriate. State ex rel. State Highway Comm. v. Tanny, 68 N.M. 117, 359 P.2d 350; Templeton v. Pecos Valley Artesion Conservancy Dist., 65 N.M. 59, 332 P.2d 465; Kutz Canon Oil & Gas Co. v. Harr, 56 N.M. 358, 244 P.2d 522.

■ At the trial, there was testimony by both Lohbeck and Wainwright indicating that these sales fell within the exemption of § 48–18–22(J), supra. Although the proof produced may have left something to be desired, the findings of exemption did have support in the evidence, and were not inherently improbable. Compare, Kutz Canon Oil & Gas Co. v. Harr, supra; Addison v. Tessier, 65 N.M. 222, 335 P.2d 554. It follows that plaintiffs' first point must be ruled against them.

■ Next, plaintiffs argue that the legislature did not intend for the exemption of § 48–18–22(J), supra, to apply to a situation such as this. Plaintiff argues that the exemption was intended to apply to the small close corporation where additional capital was to be raised by sales to friends and relatives familiar with the business; that,

in the instant case, the plaintiffs had no knowledge of the dealings of the corporation and the sale was to a complete stranger. Plaintiffs continue that they were not sophisticated investors, and therefore the statute should not be construed to allow defendants the protection of an exemption.

We cannot agree with plaintiffs for two reasons. First, the court found that plaintiffs purchased the stock after an independent investigation. The evidence also shows that plaintiffs had a certain amount of experience in business. They knew there were risks in this type of enterprise.

■ Secondly, the legislature, in its wisdom, has set up criteria that will exempt certain sales from the Blue Sky Law. Although, as plaintiffs argue, it is the province of this court to interpret the legislation; nevertheless we cannot depart from the express language of the act. We can only say that the legislature intended what was enacted. That this court would have used other language, does not warrant a disregard for the legislative mandate. Burch v. Foy, 62 N.M. 219, 308 P.2d 199. See 62 Cases, etc., of Jam v. United States, 340 U.S. 593, 71 S.Ct. 515, 95 L.Ed. 566.

Defendants brought themselves within the language of § 48–18–22(J), supra. We cannot now say that the legislature did not mean what it said, or intended to say something that it didn't. We find nothing in Marney v. Home Royalty Association of

Oklahoma, 34 N.M. 632, 286 P. 979, which in any way detracts from what we have said.

In light of the disposition of plaintiffs' first two points, it is unnecessary to answer the third point as to George Winneberger's liability as secretary of the corporation in signing the stock certificates issued to plaintiffs.

The judgment appealed from is affirmed. It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.