731 P.2d 1350

In the Matter of the Application of Joseph A. JANUSKIEWICZ, individually, and Joseph A. Januskiewicz as parent and next friend of Andrea Januskiewicz and Joseph T. Januskiewicz, minor children, for change of name, Petitioner-Appellant.

No. 8361.

Court of Appeals of New Mexico.

Dec. 18, 1986.

Harold Worland, Albuquerque, for petitioner-appellant.

## OPINION

GARCIA, Judge.

This is an appeal from the trial court's denial of a name change for petitioner's minor children. The first impression issue presented for our consideration is whether NMSA 1978, Section 40–8–1 (Repl.Pamp. 1986) authorizes a parent to petition the court for a name change for a child under age fourteen.

### FACTS

Petitioner Joseph A. Januskiewicz is the non-custodial parent of Andrea and Joseph T. He petitioned the trial court to change his name and that of his minor children to Janski. The natural mother of the minor children filed an affidavit of consent to the name change. However, the trial court found that under Section 40–8–1 only residents of the State of New Mexico who are over the age of fourteen may petition for a change of name. Consequently, the trial court granted the request as to petitioner-father but denied the request as to the minor children. The trial court also found that it was in the best interests and welfare of all parties that the change of name be granted and that but for the statute, the trial court would grant the application as to the minor children. The trial court was correct in its analysis and we affirm.

### ANALYSIS

Section 40–8–1 provides:

Any resident of this state over the age of fourteen years, may, upon petition to the district court of the district in which the petitioner resides, and upon filing the notice required with proof of publication thereof, if no sufficient cause be shown to the contrary have his name changed or established by order of the court[.]

■ Petitioner argues that we should consider legislative intent. We resort to consideration of legislative intent only where there is ambiguity in a statute. Here, the language of the statute is plain; it is clear and unambiguous. We are precluded from considering legislative intent in the absence of ambiguity. What is not provided for in the statutes is not possible. *Carter v. Mountain Bell*, 105 N.M. 17, 727 P.2d 956 (Ct.App.1986).

■ Petitioners further argue that Section 40–8–1 does not prohibit a parent of a child under fourteen from filing a petition in district court as parent and next friend pursuant to NMSA 1978, Civ.P.R. 17(c) (Repl.Pamp.1980). We disagree. Although it is in the province of this court to interpret legislation, we cannot depart from the express language of an act, *Bills v. All-Western Bowling Corp.*, 74 N.M. 430, 394 P.2d 274 (1964), nor can we add language to the statute simply because we believe the addition would be appropriate. Statutes are to be given effect as written and, where free from ambiguity, there is no room for construction. *State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977); *State v. McHorse*, 85 N.M. 753, 517 P.2d 75 (Ct.App. 1973). New Mexico's name change statute makes no provision for the relief petitioner seeks and we may not create any.

The vast majority of states would permit petitioner's action. *See* Annot., 92 A.L. R.3d 1091 (1979). In fact, most states provide specifically for changes of name for minors. *See e.g., In re Morehead*, 10 Kan. App.2d 625, 706 P.2d 480 (1985); Neb.Rev. Stat. § 61–101 (1981); Ark.Stat.Ann. § 34–801 (1985 Supp.). Some of these statutes

provide that the consent of both parents is a necessary prerequisite to the change, while others merely provide that a single parent give proper notice to the other. 92 A.L.R.3d at 1095. Our legislature, however, has clearly fixed a maximum age requirement, except when incident to an adoption proceeding, restricting the right of children under such age to legally change their name.

Iowa's name change statute is similar to our own. In an analogous factual situation, the Iowa Supreme Court upheld the dismissal of a mother's petition to change her minor child's name. The court noted that Iowa and New Mexico, comprise a distinct minority:

> We are cognizant that only one other jurisdiction, New Mexico (N.M.Stat.Ann. § 40–8–1) does not allow a minor to obtain a change of name regardless of whether the action is brought by the minor's guardian or next friend, and that the overwhelming majority of states would permit such an action.

*In re Staros,* 280 N.W.2d 409, 411 (Iowa 1979).

We agree with petitioners and the trial court that under the facts in this case, application of Section 40–8–1 renders an unsatisfactory result. That result, however, is compelled by the statute. In *Burch v. Foy,* 62 N.M. 219, 223, 308 P.2d 199, 203 (1957), the supreme court said:

> A statute must be read and given effect as it is written by the Legislature, not as the court may think it should be or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration.... Courts must take the act as they find it and construe it according to the plain meaning of the language employed.

■ If a change in the statute is necessary or proper, that task is for the legislature. *Perea v. Baca,* 94 N.M. 624, 614 P.2d 541 (1980).

The trial court is affirmed.

IT IS SO ORDERED.

DONNELLY and FRUMAN, JJ., concur.