733 P.2d 1325

**Dennis R. BOUCHER and Cindy Boucher, Plaintiffs-Appellants,**

v.

**FOXWORTH–GALBRAITH LUMBER COMPANY, a foreign corporation, Defendants-Appellees.**

No. 8116.

Court of Appeals of New Mexico.

Dec. 30, 1986.

Certiorari Denied March 5, 1987.

Roy G. Hill, Smalley & Hill, Deming, for plaintiffs-appellants.

Frederick H. Sherman, Sherman and Sherman, P.C., Deming, for defendants-appellees.

## OPINION

HENDLEY, Chief Judge.

This tort appeal has been pending on our docket and ready for submission since January of 1985. In August of 1986, upon the recommendation of, and with the assistance of the State Bar of New Mexico, which assistance is greatly appreciated, this Court adopted an experimental plan pursuant to which cases would be assigned to advisory committees of experienced attorneys. Pursuant to our order adopting the plan, once the advisory committee rendered an opinion, that opinion would be served on the parties with an order to show cause why the opinion should not be adopted as the opinion of the Court. The parties would then have the opportunity to submit response memoranda to the Court.

This case was submitted to an advisory committee and the parties were so notified. That committee rendered a unanimous opinion. The parties were notified of the opinion and of their right to submit response memoranda. No response memoranda have been filed and the time for such filing has expired. This Court has considered the transcript and briefs in this case, together with the opinion of the advisory committee. It is the decision of this Court that the result of the opinion of the advisory committee should be adopted. Our reasoning follows.

Plaintiffs Dennis R. Boucher and Cindy Boucher sued Defendant Foxworth-Galbraith Lumber Company, a foreign corporation. Suit was based upon two legal theories. Count I was a theory of invasion of privacy. Count II was a theory of abuse of process. The trial court dismissed both counts. Bouchers appeal. On appeal, they contest only the dismissal of their invasion of privacy theory.

We affirm.

■ Foxworth sought dismissal of the complaint based upon absolute privilege. In reaching its decision, the trial court reviewed, in addition to the complaint, the district court record in Cause No. CV–82–166 in the District Court of Luna County. Thus, this is technically an appeal from a grant of summary judgment. *Tompkins v. Carlsbad Irrigation District,* 96 N.M. 368, 630 P.2d 767 (Ct.App.1981).

■ Foxworth complains on appeal that Bouchers failed to order the record in Cause No. CV–82–166 for inclusion in the record on appeal. We agree, and find such failure fatal to a review of the trial court's decision. *Richardson Ford Sales v. Cummins,* 74 N.M. 271, 393 P.2d 11 (1964), is so much like this case that we adopt much of the language therein, omitting the citations and paraphrasing only to refer to current rules and the facts of this case. *Cummins* was also a motion to dismiss, treated as a summary judgment because the trial court considered proceedings in two prior cases. What was said in *Cummins* is equally applicable here:

■ The facts necessary to present a question for review by an appellate court are established only through the record on appeal as provided in NMSA 1978, Civ.App. Rules 7 and 8 (Repl.Pamp.1984), and NMSA 1978, Recording of Judicial Proceedings Rule 2 (Repl.Pamp.1983). Any fact

not so established is not before the Court on appeal; nor will we take judicial notice of proceedings in a lower court. We cannot be expected to originally search the records of the various lower courts.

We, therefore, do not have before us the proceedings of the case which apparently formed the basis of the trial court's disposition of this case by summary judgment. Absent the record of those facts, no question is presented to this Court for review. *Cummins.*

Accordingly, we affirm.

IT IS SO ORDERED.

This Court acknowledges the aid of Attorneys Carl J. Butkus, Mario E. Occhialino, and Thomas J. McBride in the preparation of this opinion. These attorneys constituted an advisory committee selected by the Chief Judge of this Court and this Court expresses its gratitude to these attorneys for volunteering for this experimental plan and for the quality of work submitted.

ALARID and MINZNER, JJ., concur.