731 P.2d 1360

**E.M. STOLL (Successor to Western States Collection Company), Plaintiff-Appellant,**

v.

**Alfred M. (Red) DOW, Sheriff of Bernalillo County, and Maryland Casualty Company of Baltimore, Defendants-Appellees.**

**No. 8053.**

Court of Appeals of New Mexico.

Dec. 30, 1986.

Dale B. Dilts, Albuquerque, for plaintiff-appellant.

Matthew P. Holt, Edward T. Curran, Sager, Curran, Sturges & Tepper, P.C., Albuquerque, for defendants-appellees.

## OPINION

HENDLEY, Chief Judge.

This tort appeal has been pending on our docket and ready for submission since January of 1985. In August of 1986, upon the recommendation of and with the assistance of the State Bar of New Mexico, which assistance is greatly appreciated, this Court adopted an experimental plan pursuant to which cases would be assigned to advisory committees of experienced attorneys. Pursuant to our order adopting the plan, once the advisory committee rendered an opinion, that opinion would be served on the parties with an order to show cause

why the opinion should not be adopted as the opinion of the Court. The parties would then have the opportunity to submit response memoranda to the Court.

This case was submitted to an advisory committee and the parties were so notified. That committee rendered a unanimous opinion. The parties were notified of the opinion and of their right to submit response memoranda. No response memoranda have been filed and the time for such filing has expired. This Court has considered the transcript and briefs in this case, together with the opinion of the advisory committee. It is the decision of this Court that the opinion of the advisory committee should be adopted, as modified, as follows.

This is an appeal from a dismissal with prejudice of plaintiff's complaint pursuant to NMSA 1978, Civ.P.Rule 41(e) (Repl. Pamp.1980).

Suit was originally filed on October 1, 1969. Subsequently, all then sitting district court judges in the Second Judicial District either recused themselves or were disqualified. On January 13, 1972, the parties stipulated that Judge Edwin Felter of the First Judicial District could hear the case. The Supreme Court entered an order, pursuant to the stipulation, designating Judge Felter to "hear and try" the case. Judge Felter set the case for trial to commence March 9, 1972, and again on June 12, 1972. There is record evidence that a number of subpoenas were issued for trial. In his brief in chief in this Court, plaintiff states: "Plaintiff's attorneys withdrew on this [sic] day of trial in open court." The record contains a withdrawal of plaintiff's attorneys which bears a stamped filing date of June 12, 1972. There is a handwritten note on the withdrawal, over what purports to be Judge Felter's signature, that the withdrawal was filed in open court on the same day. On October 9, 1973, new counsel for plaintiff entered his appearance, and on the same day a motion for trial setting was filed by plaintiff.

On May 13, 1976, Judge Felter signed an order reviving the action against the estate of Defendant Dow, who had died in January 1976. On January 11, 1984, present counsel for Maryland Casualty Company (Maryland Casualty) entered their appearance, and on January 12, 1984, filed a motion to dismiss pursuant to Civ.P. Rule 41(e).

In order to get a hearing on the motion to dismiss, Maryland Casualty had to obtain a writ of superintending control from the New Mexico Supreme Court directing the presiding judge of the Second Judicial District to designate a judge of that district to hear the motion.

The hearing on the motion was held before Judge Sitterly on June 11, 1984. In response to plaintiff's counsel's statements at the hearing that plaintiff could not get a judge to try the case, Judge Sitterly said, "But it's the plaintiff's responsibility [to get a judge]. The plaintiff should have filed something a long time ago and gotten a judge. Anybody can get a judge from the Supreme Court."

Plaintiff appeals from the dismissal of his complaint with prejudice pursuant to Civ.P.Rule 41(e). Plaintiff basically makes two arguments. First, plaintiff argues that the motion for trial setting filed on October 9, 1973, indefinitely tolled the Civ. P.Rule 41(e) time period. Second, plaintiff makes the following argument: "The Plaintiff submits that it was impossible for him to get this case to trial and this is demonstrated by the lengths to which opposing counsel had to go to get his motion heard."

We affirm.

■ In applicable part, Civ.P.Rule 41(e) provides:

**(e) Dismissal of action with prejudice.**

(1) In any civil action * * * when it shall be made to appear to the court that the plaintiff therein * * * has failed to take any action to bring such action or proceeding to its final determination for a period of at least three years after the filing of said action or proceeding ...

unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond three years, any party to such action or proceeding may have the same dismissed with prejudice * * *.

In *State ex rel. Reynolds v. Molybdenum Corp. of America*, 83 N.M. 690, 496 P.2d 1086 (1972), the Supreme Court stated:

The trial court should determine, upon the basis of the court record and the matters presented at the hearing, whether such action has been timely taken by the plaintiff * * * and, if not, whether he has been excusably prevented from taking such action. In making this determination, the discretion of the trial court will be upheld on appeal except for a clear abuse thereof.

In *Reynolds*, the Supreme Court cited *Martin v. Leonard Motor-El Paso*, 75 N.M. 219, 402 P.2d 954 (1965): "[W]e make no attempt to fix a standard of what action is sufficient to satisfy the requirement of the rule, for each case must be determined upon its own particular facts and circumstances." Just as in *Martin*, the Supreme Court declined to attempt to fix a standard of what is sufficient to satisfy the requirement of the rule, so in this case we decline to establish such a standard; however, we have absolutely no difficulty in saying that what was done in this case clearly does not meet any reasonable standard for bringing a case "to its final determination" pursuant to Civ.P.Rule 41(e).

■ This Court has previously held that a request for a trial setting which has been filed after the filing of a Civ.P.Rule 41(e) motion is entitled to be considered. *Sewell v. Wilson*, 97 N.M. 523, 641 P.2d 1070 (Ct.App.1982). By the same token, however, the fact that plaintiff had filed a request for trial setting in this case in 1973 is no obstacle to the granting of a Civ.P. Rule 41(e) motion to dismiss in 1984. Clearly, plaintiff should not be permitted to file a motion for trial setting and then, especially when it becomes obvious that such a request has not been effective in producing a trial setting, to sit and do nothing for a period of eleven years. The language of the rule is clear that the duty of bringing a case to trial is plaintiff's. Plaintiff may not, as he attempts to do here, shift the burden of bringing a case to trial to the court if it becomes obvious that his request for a trial setting is unavailing.

■ It has long been the law in this state that the existence of a good cause excuse for failure to prosecute constitutes grounds to prevent dismissal under Civ.P. Rule 41(e). *Reynolds; Ringle Development Corp. v. Chavez*, 51 N.M. 156, 180 P.2d 790 (1947). Presumably, it is such a good cause excuse which plaintiff attempts to establish in this case by arguing that it was impossible to obtain a judge to try the case. This argument is completely answered by Judge Sitterly's comment quoted above. The fact that it was possible, contrary to plaintiff's assertion, to obtain a judge to hear this case is demonstrated by the fact that defendants were able to obtain a judge to hear their motion to dismiss.

There is another basis for affirming the trial court in this instance which completely avoids the necessity of ruling on the effect of the request for trial setting under Civ.P. Rule 41(e).

■ Trial courts have "inherent power to dismiss a cause of action for failure of prosecution." *Smith v. Walcott*, 85 N.M. 351, 512 P.2d 679 (1973). For the reasons hereinabove stated, the trial court would not have abused its discretion in dismissing this case for lack of prosecution through the use of its inherent power. Further, since plaintiff was given notice and an opportunity to be heard on the dismissal, a dismissal under the trial court's inherent power would have operated as an adjudication on the merits. *Otero v. Sandoval*, 60 N.M. 444, 292 P.2d 319 (1956).

The order appealed from is affirmed.

IT IS SO ORDERED.

This Court acknowledges the aid of Attorneys Thomas J. McBride, Mario E. Occhialino, and Carl J. Butkus in the preparation of this opinion. These attorneys con-

stituted an advisory committee selected by the Chief Judge of this Court and this Court expresses its gratitude to these attorneys for volunteering for this experimental plan and for the quality of work submitted.

ALARID and MINZNER, JJ., concur.