744 P.2d 550

**AMERADA HESS CORPORATION, a Delaware corporation, Plaintiff–Appellee,**

and

**New Mexico State Highway Department, Involuntary Plaintiff–Appellee,**

v.

**Bobby D. ADEE, Johnann H. Adee, Claude E. Girard, J. Casper Heimann, Louis F. James, Newt James, Tom T. James, Doris Martin, Genevieve Martin, Kenneth Bill Martin, Quintin N. Martin, and Pauline Robertson, Defendants–Appellants.**

No. 8393.

Court of Appeals of New Mexico.

Sept. 1, 1987.

Certiorari Denied Oct. 21, 1987.

Richard N. Carpenter, Michael R. Comeau, Stephenson, Carpenter, Crout & Olmsted, Santa Fe, for plaintiff-appellee; Lin Patterson, Marilyn O. Adamson, Tulsa, Okl., of counsel.

Phil R. Lucero, Sp. Asst. Atty. Gen., New Mexico State Highway Dept., Santa Fe, for involuntary plaintiff-appellee.

Paul A. Kastler, Kastler & Kamm, Raton, for defendants-appellants.

## OPINION

GARCIA, Judge.

Defendants appeal from an order of summary judgment rendered against them. They raise four issues: 1) whether the State Highway Department exceeded the contractual limits of its easement on defendants' land by allowing plaintiff to lay a gas pipeline; 2) whether the laying of the pipeline by plaintiff created an impermissible additional burden upon the servient es-

tates owned by defendants; 3) whether the law allows imposition of a gas pipeline by a private company not operating as a public utility; and 4) whether plaintiff may exercise the power of eminent domain. We address the first three issues together. Because of our disposition of these issues, we do not address the issue of eminent domain.

This case is before the court following its submission to an advisory committee pursuant to an experimental plan. *See Patterson v. Environmental Improvement Division*, 105 N.M. 320, 731 P.2d 1364 (Ct.App. 1986); *Stoll v. Dow*, 105 N.M. 316, 731 P.2d 1360 (Ct.App.1986); *Boucher v. Foxworth–Galbraith Lumber Co.*, 105 N.M. 442, 733 P.2d 1325 (Ct.App.1986). The committee rendered a unanimous opinion proposing to reverse the trial court's order granting summary judgment. The parties were notified of the opinion and of their right to submit response memoranda. Both parties filed timely response memoranda. We heard oral argument and have considered the record on appeal, the original briefs, the opinion of the advisory committee, the responses in support of and in opposition to the committee's reports. We decline to adopt the committee opinion and affirm the trial court for the following reasons.

## FACTS

Plaintiff filed a complaint for declaratory judgment and for an injunction requesting that the district court declare it had the right, under a permit acquired from the State Highway Department, to construct and operate a carbon dioxide gas distribution pipeline within the easement granted by the defendant landowners to the State Highway Department. Defendants objected to the construction and operation of the pipeline, counterclaimed for an injunction prohibiting plaintiff from further burdening their lands, and prayed for compensatory and punitive damages. Both parties moved for summary judgment.

The trial court granted plaintiff's motion for summary judgment on the basis that the State Highway Department is statutorily granted the power to authorize the

424

placement of pipelines, and that case law establishes that highway easements may be used for emplacement of pipelines without constituting an additional burden or servitude upon the servient estates. Defendants' motion for partial summary judgment was denied.

**DISCUSSION**

We note at the outset the complexity of this case and compliment all parties on the superior quality of both their briefs and their arguments.

We hold that under NMSA 1978, Section 67–3–12(C) and *Hall v. Lea County Elec. Coop.*, 78 N.M. 792, 438 P.2d 632 (1968), the construction of plaintiff's pipeline underneath the highway, as allowed by the State Highway Department as easement-holder, represents a permissible use to be made of a public highway easement and does not constitute an additional burden on the servient estate.

Section 67–3–12(C) outlines the general powers and duties of the State Highway Commission. The section provides that the State Highway Commission has the authority "to prescribe by rules and regulations the conditions under which pipelines, telephone, telegraph and electric transmission lines and ditches may be hereafter placed along, across, over or under all public highways in this state * * *." While the express language of the statute refers to the promulgation of rules and regulations, the critical factor is its implicit delegation of power to the State Highway Commission. Defendants do not argue that the legislature's grant of authority to the State Highway Commission is unconstitutionally excessive. Thus, we assume the grant of authority is appropriate and conclude that the statute gives the State Highway Commission board authority to permit the emplacement of pipelines under the public highways of this state. NMSA 1978, Section 67–8–13 further allows and empowers the Highway Commission to issue permits, upon reasonable conditions and requirements, for the emplacement of "any conduit, wires or cables across, upon, attached to or upon such highway right-of-way * *." It is undisputed that the Highway Commission issued a permit to plaintiff for the emplacement of its pipeline on the state's right-of-way. No contention is made that the permit procedure was violative of law, nor is there a claim of arbitrary, unreasonable or capricious conduct by the Commission. Rather, defendants argue that private corporations or persons that are not utilities may not use the public highways for emplacement of pipelines for their own profit. We cannot agree. The language of the statute provides for no such exclusion, nor does it limit its application to utilities. We cannot add a requirement which is not provided for in the statute. *See Carter v. Mountain Bell*, 105 N.M. 17, 727 P.2d 956 (Ct.App.1986). We cannot depart from the express language of an act, *Bills v. All–Western Bowling Corp.*, 74 N.M. 430, 394 P.2d 274 (1964), nor can we add language to the statute simply because we believe the addition might be appropriate. *In re Application of Januskiewicz*, 105 N.M. 306, 731 P.2d 1350 (Ct.App.1986). Section 67–3–12(C) authorizes the State Highway Commission to allow pipelines under public highways. Absent ambiguity, there is no room for further construction. *See State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977); *State v. McHorse*, 85 N.M. 753, 517 P.2d 75 (Ct.App.1973).

In *Hall*, our supreme court held:

We are of the opinion that the better reasoning supports the general rule that the construction and maintenance of an electric power or transmission line, within the boundaries of a public highway, are consistent with the permissible uses to be made of a public highway easement and do not constitute an additional burden or servitude.

*Id.* at 795, 438 P.2d at 635. By statute, a pipeline is also consistent with the permissible uses of a public highway easement. *See* § 67–3–12(C). Moreover, by implication, our supreme court has held that such a use, in and of itself, does not present an additional burden to the servitude. The pipeline in this case is far less a burden than the overhead transmission line in *Hall*.

Plaintiff suggests, reasonably, that the emplacement of the pipeline does constitute a public good, since an underground pipeline may be more preferable for the transportation of the gas than the use of the highway itself. Large trucks traveling on highways accelerate the road's deterioration. *Cf. Bentel v. County of Bannock,* 104 Idaho 130, 656 P.2d 1383 (1983) (there is a presumption that the governing body's grant of use of a public easement is in the public interest). Moreover, the pipeline does not interfere with other surface uses such as grazing.

In *Hall,* the supreme court cited with approval *Herold v. Hughes,* 141 W.Va. 182, 90 S.E.2d 451 (1955), among other cases, in analyzing the interest the state acquired for highway purposes. In *Herold,* the West Virginia court reasoned that the real nature of a public highway easement was expansive and concluded that the privilege to construct and maintain a gas pipeline was within the rights and privileges included in the scope of an easement for public highway purposes.

In *Herold,* defendant was a privately-owned gas corporation that had acted with the authority and under the regulations of the state highway commission. The court concluded that:

> the grant of an easement for public road purposes includes all rights and privileges necessary or convenient to the use of the public in travel or transportation of properties of all kinds over, under or along all public highways * * * [the gas pipeline] is, in reality, an additional public use * * *. We think that transportation of natural gas, whether by public utility or a nonpublic utility, is transportation of property for public use.

*Id.* at 194, 90 S.E.2d at 458 (citations omitted). This appears to be the more modern approach. *See generally Property—Non-Travel Use of Highway Right-of-Way as Additional Servitude for Which Abutting Landowner is Entitled to Compensation,* 13 Wash. & Lee L.Rev. 240, 243 (1956). We recognize that the concept of a public use, or public purpose, is difficult to define. *See id.* However, we are persuaded that the supreme court decision in *Hall* mandates a broad view of public purpose. Taking a broad view, on these facts, the trial court must be affirmed.

Additionally, plaintiff relies on *State ex rel. York v. Board of County Comm'n,* 28 Wash.2d 891, 184 P.2d 577 (1947), where the Washington Supreme Court held that the "[m]ere absence of direct benefit does not give to the abutting owner either the power to obstruct the intended use of the highway, or the right to compensation." *Id.* at 903, 184 P.2d at 584. In that case, the court rejected a challenge to a private utility's right to use a public highway easement to erect power lines. As in this case, the plaintiffs in *State ex rel. York* argued that the state highway could not be used by a private corporation not intending to serve the general public. In allowing the power lines, the court delineated between the primary purpose for highways, which is the convenience of public travel, and secondary uses, "such as for watermains, gas pipes, telephone and telegraph lines, etc." *Id.* at 898, 184 P.2d at 582. The *State ex rel. York* court concluded "that the legislature, within constitutional limitations, has absolute control over the highways of the state, both rural and urban." *Id.* Defendants argue that the distinction between *State ex rel. York* and the case at bar is that, here, plaintiff is not a utility, either public or private. However, as noted previously, we see no such distinction made by the legislature in its grant of authority to the State Highway Commission. The legislature did not limit the Commission's authority to the emplacement of pipelines, telephone and telegraph lines by *utilities,* and in the absence of a legislative limitation or constitutional challenge, we are unpersuaded by plaintiff's argument.

**CONCLUSION**

Thus, we are compelled to conclude that the State Highway Commission was acting within its authority when it allowed plaintiff to emplace a pipeline under its public highway easement on defendants' land. Plaintiff was entitled to summary judgment as a matter of law and, therefore, we affirm.

Parties shall bear their own costs.

IT IS SO ORDERED.

This court acknowledges the aid of attorneys Harold Worland, Marc Prelo and Roger Eaton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the Chief Judge of this court and we express our gratitude for their volunteering to participate in this experimental plan and for the quality of their work.

MINZNER, J., concurs.

ALARID, J., dissents.

ALARID, Judge, dissenting.

I believe that the opinion of the majority expands, beyond the contemplation of the legislature, the authority given the Highway Department over the public highways of this state. Therefore, I respectfully dissent and would adopt the reasoning of the advisory committee.

The advisory committee finds persuasive, as I do, the distinction made by defendants between utilities, both public and private, and private corporations which claim no public purpose. It is undisputed that plaintiff corporation is not a public utility, is not the holder of a public utility franchise, has no duty to serve the public, its pipeline is not subject to administrative regulation as to who can use it, and its use is solely for its own corporate projects. I don't believe that these are idle distinctions, nor do I believe that this view expands the statute or is contrary to the caselaw. In fact, *Hall v. Lea County Elec. Corp.*, 78 N.M. 792, 438 P.2d 632 (1968), which the majority cites as controlling authority, involves a rural electric cooperative utility.

For these reasons, I would reverse the trial court and remand for trial.