**BROADBENT LAND COMPANY, Plaintiff and Appellant,**

v.

**The TOWN OF MANILA and Daggett County, Defendants and Appellees.**

**No. 910262.**

Supreme Court of Utah.

Nov. 25, 1992.

---

Lewis T. Stevens, Kristin G. Brewer, Salt Lake City, for Broadbent Land Co.

Russell C. Fericks, Robert G. Wright, John C. McKinley, Robert H. Lovell, Charles E. Greenhawt, Salt Lake City, for Mt. Fuel Supply Co.

Floyd A. Jensen, Salt Lake City, for U.S. West Communications.

Jeffrey W. Appel, Blaine J. Benard, Salt Lake City, for Snyderville Basin Improvement.

Clark B. Allred, Gayle F. McKeachnie, Vernal, for Town of Manila, Daggett County.

ZIMMERMAN, Justice:

Plaintiff Broadbent Land Company appeals the trial court's summary judgment in favor of the town of Manila and Daggett County (collectively "defendants"). Manila installed an underground sewage line along a public highway that crossed Broadbent's property. Broadbent had purchased the property subject to the easement for the public highway, and Daggett County, holder of that easement, had granted Manila permission to position the sewer line under the shoulder of the road, within the boundaries of the easement. After the installation of the sewage line, Broadbent sued defendants for trespass and for taking its property without just compensation.

An easement that permits a public highway also permits certain inchoate future transportation uses. *See Pickett v. California Pac. Utils.*, 619 P.2d 325, 327 (Utah 1980); *see also* 3 *Nichols on Emi-nent Domain* §§ 10.4, 10.4[1] (3d ed. rev. 1991). Like the power lines at issue in *Pickett,* the subterranean sewage line installed here is a use of an inchoate interest that is incidental to the use of the highway as a transportation corridor. In fact, the invisible underground sewage line is far less intrusive than the above-ground power lines in *Pickett. See Amerada Hess Corp. v. Adee,* 106 N.M. 422, 744 P.2d 550, 552 (N.M.Ct.App.), *cert. denied,* 106 N.M. 405, 744 P.2d 180 (1987). *A fortiori,* we find that the installation of the sewer line does not entitle Broadbent to compensation for an additional servitude because it does not further encroach on Broadbent's underlying fee.

As for Broadbent's claim that *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982), requires compensation in this case, we note that *Loretto* does not apply because installation of the sewer line has not enlarged the scope of the use allowed by the original public highway easement.

We affirm the summary judgment.

HALL, C.J., HOWE, A.C.J., and STEWART and DURHAM, JJ., concur.