**Certiorari Granted, July 12, 2013, No. 34,204**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2013-NMCA-080**

**Filing Date: April 25, 2013**

**Docket No. 31,446**

**DANIEL M. FABER,**

    **Plaintiff-Appellee,**

**v.**

**GARY K. KING, Attorney General**
**of the State of New Mexico,**

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice J. Brickhouse, District Judge**

Tucker Law Firm, P.C.
Steven L. Tucker
Santa Fe, NM

for Appellee

Gary K. King, Attorney General
Scott Fuqua, Assistant Attorney General
Santa Fe, NM

for Appellant

**OPINION**

**KENNEDY, Chief Judge.**

**{1}** This case requires us to determine if damages of $100 per day was a correct and reasonable award in response to the New Mexico Attorney General's wrongful withholding of documents in violation of the Inspection of Public Records Act (IPRA). We conclude that the district court erred in awarding damages under NMSA 1978, Section 14-2-12(D) (1993)

1

without stating the nature and purpose of the damage award and in failing to further support by findings, and we reverse.

## I. BACKGROUND

**{2}** Plaintiff Daniel Faber is an attorney who represented three employees of the Attorney General's Office in an employment dispute filed in federal court. The federal court ordered a stay of discovery on May 28, 2010, in order to evaluate an Eleventh Amendment immunity defense raised by the Attorney General. On August 23, 2010, while the stay was still in effect, Faber, in his own name, filed an IPRA request for employment records from the Attorney General's Office. NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2011). The Attorney General denied the request three days later, stating that it appeared to "circumvent the discovery process" in the pending lawsuit.

**{3}** Faber filed a lawsuit against the Attorney General in the state district court to enforce his IPRA request on September 7, 2010. The district court eventually held that the discovery stay did not preempt statutory rights granted to New Mexico citizens by IPRA. It further ruled that the Attorney General had violated IPRA by denying Faber's request and issued a writ of mandamus ordering the Attorney General to comply. The determination of the IPRA violation is not at issue on appeal. Our sole concern is the amount of damages awarded to Faber.

**{4}** Faber subsequently moved for damages as allowed under IPRA. Section 14-2-12(D). The district court awarded damages of "$10[] per day from the date of the wrongful denial to the date the federal court stay was lifted; thereafter, damages of $100[] per day until the records are provided." The district court also awarded costs. Because Faber was proceeding pro se in this matter, he waived an award of attorney fees. The Attorney General appealed the district court's award of damages.

## II. DISCUSSION

**{5}** We review questions concerning the application of IPRA de novo. *State v. Rivera*, 2004-NMSC-001, ¶ 9, 134 N.M. 768, 82 P.3d 939 (stating that "[i]nterpretation of a statute is a matter of law, which we review de novo" (internal quotation marks and citation omitted)). To the extent that the Attorney General argues the district court awarded an erroneous amount of damages, we review an award for substantial evidence. *Moody v. Stribling*, 1999-NMCA-094, ¶ 40, 127 N.M. 630, 985 P.2d 1210 ("As long as there is a reasonable method used to achieve an amount of damages, we will accept that amount."). The Attorney General argues that per-day damages were wrongfully awarded under the section of IPRA governing failures to respond, rather than the sections applicable to wrongful denials of requests for information. The Attorney General also argues that, once Faber's request was denied, it ceased to exist and, therefore, daily damages were incorrectly calculated to continue to accrue after the denial. For the reasons that follow, we conclude the Attorney General to be incorrect on both issues.

2

## A. Per-Day Damages Are Permitted Under Section 14-2-12

**{6}** The Attorney General first argues that the district court erroneously applied Section 14-2-11(C)(1) of IPRA to calculate damages. That section states that, if a custodian of records fails to respond to a record request and does not provide a written explanation within fifteen days, the person requesting the information is entitled to damages if the failure to respond was unreasonable. *Id.* Section 14-2-11(C)(2) provides that the damages for failure to respond shall "not exceed . . . []$100[] per day[,]" and they accrue from the day that the custodian is in violation of Section 14-2-11(C)(3) until he complies.

**{7}** Section 14-2-12, under which Faber moved for damages, covers actions to enforce a request that was denied. It provides that a person whose request was rejected may bring an action seeking to mandate an official's compliance with the statute and empowers the district court to order any "appropriate remedy" to enforce IPRA. Section 14-2-12(B). Most importantly to the case at hand, Subsection (D) is clear that the court "*shall* award damages, costs[,] and reasonable attorney fees to any person whose written request has been denied and is successful in a court action to enforce [IPRA]." Section 14-2-12(D) (emphasis added). Thus, under the plain language of Section 14-2-12, it is clear that the court must award damages and that those damages are not subject to further restrictions. What type of damages are permitted, and for what reasons, is not stated.

**{8}** IPRA includes these provisions for damages and other remedies to "encourage compliance and facilitate enforcement." *San Juan Agric. Water Users Ass'n v. KNME-TV*, 2011-NMSC-011, ¶ 12, 150 N.M. 64, 257 P.3d 884; *see* § 14-2-12. First in time among such remedies is the $100 per-day penalty under Section 14-2-11(C) for any agency that does not timely respond to a request. Once an agency denies production of requested documents, however, the party requesting the records is authorized under Section 14-2-12(A)(2) to bring an enforcement action. Then, "[t]he court shall award damages, costs[,] and reasonable attorney[] fees to any person whose written request has been denied and is successful in a court action to enforce the provisions of [IPRA]." Section 14-2-12(D); *San Juan Agric. Water Users*, 2011-NMSC-011, ¶ 13; *State ex rel. Toomey v. City of Truth or Consequences*, 2012-NMCA-104, ¶ 27, 287 P.3d 364; *Derringer v. State*, 2003-NMCA-073, ¶ 10, 133 N.M. 721, 68 P.3d 961. As additional remedies, Section 14-2-12(B) provides for a district court to issue a writ of mandamus directing a defendant to produce the documents as was awarded by the court in this case and also provides for a district court to order an "other appropriate remedy to enforce the provisions of [IPRA]."

**{9}** Here, the court granted Faber's motion for daily damages from the date of non-compliance until the date of compliance. In the briefs to the district court on damages as well as the hearing, it is clear that all counsel and the court understood the distinction between Section 14-2-11 and Section 14-2-12. Faber never claimed that the $100 maximum in Section 14-2-11(C)(2) applied to his enforcement action. He instead argued below that it was a reasonable amount of damages to apply under Section 14-2-12 because the Attorney General has a constitutional duty to enforce the public's right to access documents. Faber

3

argued that the Attorney General's refusal to honor the request, even after the federal court's stay was lifted, was an egregious act worth $100 per day in damages after the lifting of the stay. The only question we must answer is whether the nature and amount of the award was supported.

**{10}** The Attorney General argues that the statutory damages are solely intended to be compensatory. We note first that Section14-2-12 does not limit the nature of damages that may be awarded. Further, the case relied upon by the Attorney General does not support the position that damages under IPRA are compensatory only. *See Southard v. Fox*, 113 N.M. 774, 779, 833 P.2d 251, 256 (Ct. App. 1992) (stating that prejudgment interest is not part of jury-determined damages). The Attorney General also argues that calculating damages by day would leave an agency that denies a request "at the mercy of the court's docket . . . [and] dilatory tactics of the requester[.]" These are factors to be considered by the district court in its discretion. We are confident a district court is capable of managing its docket to avoid these problems as much as it is able to minimize unwarranted, unintended, or excessive damage awards. Here, the court clearly differentiated between the time during which the federal stay was in effect and the time after it was lifted. Our decision today does not suggest a method of calculating damages under Section 14-2-12(D). We merely examine whether, in this case, the district court's award was supported.

**{11}** The term "damages" under IPRA has not been construed or limited by our courts. New Mexico has yet to determine if any sort of punitive monetary assessment would be appropriate under Subsections (B) or (D). Existing cases do not help. In *Toomey*, we remanded to the district court to determine an "appropriate award." 2012-NMCA-104, ¶ 28. In *Rio Grande Sun v. Jemez Mountains Public School District*, the plaintiffs were awarded "nominal damages" that were not appealed. 2012-NMCA-091, ¶ 4, 287 P.3d 318, *cert. denied*, 2012-NMCERT-008, 296 P.3d 490. We note that, in *Rio Grande Sun*, we discussed that the provision awarding attorney fees further implements IPRA's policy to encourage private citizens to enforce the Act and lawyers to litigate violations of the Act on their behalf. *Id.* ¶ 19. Here, Faber waived his claim to attorney fees and argued for damages, thus removing from our consideration one possible remedy for successful litigants. C. Clifford Allen, III, *Right of Party Who Is Attorney and Appears for Himself to Award of Attorney's Fees Against Opposing Party as Element of Costs*, 78 A.L.R.3d 1119 (1977) (discussing states that allow pro se attorney litigants to receive attorney fees and those that do not). Faber sought actual damages of $150 to reimburse him for a contempt citation from federal court for making the IPRA request, but the district court did not award that amount, nor did it specify the type of damages as "actual" or otherwise. Attempting to ascertain the district court's intentions with regard to the amount of damages if awarded under Section 14-2-12(D) is impossible, given this lack of precedent and confusing language in the pleadings and the parties' arguments.

**{12}** The district court's opinion and order of March 2011 was specific in reserving the issue of "an award pursuant to Section 14-2-12(D) upon appropriate motion," which Faber subsequently made. Faber argued that the $100 per-day damages in Section 14-2-11(C)

should be seen not as a mandated amount for that section only, but as the upper end of a range of IPRA damages. In fact, Faber specifically asserted in his response to the Attorney General's opposition to any award of damages that, under Section 14-2-12(D), there was no good reason for the court to order less than $100 per day. In light of Faber's specific request for "actual damages" of $150, we could easily view Faber's argument for "statutory damages" as a request for punitive damages based on his assertions that the Attorney General's denial of a fundamental right to inspect public records is "disgraceful," "inexcusable," "egregious" and deserving of being "penalized." *See State ex rel. Newsome v. Alarid*, 90 N.M. 790, 797, 568 P.2d 1236, 1243 (1977) (holding that there is a "fundamental right" to inspect public records), *superceded on other grounds by statute as stated in Republican Party of N.M. v. N.M. Taxation & Revenue Dep't*, 2012-NMSC-026, 283 P.3d 853. "A specific pleading of the theory that supports an award of punitive damages . . . is not required by the rules." *Chavarria v. Fleetwood Retail Corp.*, 2006-NMSC-046, ¶ 22, 140 N.M. 478, 143 P.3d 717. By the same token, "statutory damages" may mean no more than whatever may be permitted by Section 14-2-12(B) or Section 14-2-12(D).

**{13}** We are foreclosed from adding things that are not provided for in the statute. *Amerada Hess Corp. v. Adee*, 106 N.M. 422, 424, 744 P.2d 550, 552 (Ct. App. 1987). We cannot read into it language that is not there. *State ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988), *superceded in statute as stated in Cordova v. State Taxation & Revenue*, 2005-NMCA-009, 136 N.M. 713, 104 P.3d 1104. We give effect to each part of legislation to determine the intent of the Legislature. *Harris v. Vasquez*, 2012-NMCA-110, ¶ 10, 288 P.3d 924. In Faber's motion for an award of damages, he requests "damages of $100 per day." He urges that this amount, already found in IPRA under Subsection (C) (mandating damages for failure to respond) can be used as a benchmark amount for damages in cases of an egregious refusal to provide documents. To Faber, such an amount "should also apply in the case of an agency that refuses to produce public records, such as in this case." We disagree with directly incorporating Section 14-2-11(C) damage amounts into Section 14-2-12(D), as "[w]e will not read into a statute language that it does not contain" and are, therefore, unwilling to conflate the penalties for non-response to a request provided by Section 14-2-11 with the separate remedies in Section 14-2-12. *Cal. First Bank v. State*, 111 N.M. 64, 73, 801 P.2d 646, 655 (1990). We will uphold a trial court's award of compensatory damages if it is supported by substantial evidence. *Chavarria*, 2006-NMSC-046, ¶ 17. "As long as there is a reasonable method used to achieve an amount of damages, we will accept that amount." *Moody*, 1999-NMCA-094, ¶ 40.

**{14}** Driven by the public interest in government transparency, Section 14-2-11(C) provides a robust available remedy for ignoring requests for documents and is driven by the overwhelming public interest in government transparency. The Attorney General and Faber both agree that the damages in Section 14-2-11(C) extend only from the time of non-compliance to the time the request is denied or fulfilled. So do we. This Court has held that, once the custodian of records answers the request with a denial or otherwise, Section 14-2-11 ceases to apply and, when someone brings an action to enforce production after a denial,

5

the damages are governed by Section 14-2-12(D). *Derringer*, 2003-NMCA-073, ¶¶ 10-11. For this reason, Section 14-2-11 and Section 14-2-12 are separately titled "Procedure for denied requests" and "Enforcement."

**{15}** We hold that damages for enforcement of a denied request are governed by Section 14-2-12(D), not Section 14-2-11(C). The statutory maximum per-day penalty of Section 14-2-11(C) does not create any "standard" for an amount of damages under Section 14-2-12(D) as asserted by Faber. Faber's prayer for relief asks for "statutory damages of $100 per day" in addition to the "actual damages of $150 to compensate him for the penalty" imposed by the federal court. As far as the Attorney General mistakenly argues that Faber's phrase "statutory damages" refers only to application of Section 14-2-11(C), Faber cannot receive those "statutory damages" under Section 14-2-12(D). Section 14-2-12(D) provides for damages, which we hold must be somehow specified as to their nature and measured by the district court.

**{16}** The statute is silent as to whether awards of punitive damages are permitted. Section 14-2-12. It is the Attorney General, not Faber or the district court, who is conflating a request for damages by insisting that Faber is proceeding under a specific, but technically inapplicable, statute. Faber instead argues that there is no reason to award less than $100 per day. Section 14-2-11(C) serves as no more than a benchmark for both the degree of behavior worthy of punishment and the measure of what punishment is warranted. Instead, we evaluate the reasonableness of a punitive damage award based on "the reprehensibility of the defendant's conduct . . . and the difference between the punitive damages award and the civil and criminal penalties authorized or imposed in comparable cases." *Aken v. Plains Elec. Generation & Transmission Coop., Inc.*, 2002-NMSC-021, ¶ 20, 132 N.M. 401, 49 P.3d 662; *Chavarria,* 2006-NMSC-046, ¶ 36. The district court seemed to have understood Faber's request as one for a maximum penalty. The court tailored its award to reflect relative culpability between times when the federal stay was still in place and the time after the stay was lifted, but the Attorney General continued to withhold the documents.

**{17}** However, the court did not award compensatory damages, nor specify that the damages awarded were punitive. We have previously held that punitive damages cannot be recovered in the absence of compensatory or nominal damages. *Madrid v. Marquez*, 2001-NMCA-087, ¶ 3, 131 N.M. 132, 33 P.3d 683. We apply the same standard to the damages named in Section 14-2-12(D). Given that there is no mention of compensatory or nominal damages, and every indication in the record points to the award as punitive, we hold that the award is unsupported and reverse for further proceedings in accordance with our ruling. The district court must enter findings supporting any award of compensatory damages so that we may, on review, know the basis for such damages and may then measure them against any award of punitive damages.

**B.      Denial of Request Does Not Terminate It for Purposes of Calculating Damages**

**{18}** The Attorney General also argues that Faber is not entitled to per-day damages

because the request terminated when it was denied and, therefore, the court should not have counted any of the days after the request was rejected.  He argues that the court's award, which counted damages from the wrongful denial to the day the records were produced, implies that the request was still pending that entire time.  He argues this would lead to harmful public policy in requiring agencies to keep monitoring a request in case they later acquired documents that they lacked at the time of the original request.  We disagree.

{19}  As discussed above, no one disputes that the Attorney General withheld the documents from the time of the request through the judgment of the district court.  The district court did not assume that the request stayed open after it was denied, or that it would remain open indefinitely as the Attorney General fears.  Instead, although unspecified, the district court awarded damages for the wrongdoing under the relevant statute.

## III.    CONCLUSION

{20}  We reverse the district court's award of damages as unsupported by findings supporting compensatory damages, which are a prerequisite to punitive damages such as were awarded in this case.

{21}  **IT IS SO ORDERED.**

_____
                                        **RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**J. MILES HANISEE, Judge**

**Topic Index for *Faber v. King*, No. 31,446**

**APPEAL AND ERROR**
Standard of Review

**CIVIL PROCEDURE**
Findings and Conclusions

**GOVERNMENT**
Attorney General
Public Records

7

**MISCELLANEOUS STATUTES**
Inspection of Public Records Act

**REMEDIES**
Compensatory Damages
Damages, General
Measure of Damages
Punitive Damages

**STATUTES**
Interpretation