750 P.2d 473

**Roland M. CHICO, Plaintiff–Appellee,**

v.

**Gregory W. FRAZIER,
Defendant–Appellant.**

**No. 9133.**

Court of Appeals of New Mexico.

Jan. 28, 1988.

Eileen Paez, Daniel E. Duncan, Law Offices of Daniel E. Duncan, Albuquerque, for defendant-appellant.

**OPINION**

FRUMAN, Judge.

This case has been submitted for decision by this court following its assignment to an attorney advisory committee pursuant to our experimental plan. *See Boucher v. Foxworth–Galbraith Lumber Co.,* 105 N.M. 442, 733 P.2d 1325 (Ct.App.1986); *Patterson v. Environmental Improvement Div.,* 105 N.M. 320, 731 P.2d 1364 (Ct.App.1986); *Stoll v. Dow,* 105 N.M. 316,

731 P.2d 1360 (Ct.App.1986). The committee issued an opinion in which it proposed affirming the trial court. The parties were notified of the opinion and of their right to submit responses, and defendant did so. We have considered the record on appeal, the brief-in-chief, and the opinion of the advisory committee. We substitute the following for that proposed opinion.

The issues presented on appeal are whether there was (1) substantial evidence of defamation and damage; (2) substantial evidence of publication; (3) substantial evidence to deny defendant's counterclaim; (4) error in admitting the memorandum at trial; (5) error in denying defendant's motion to dismiss; and (6) error in admitting hearsay evidence. No answer brief was filed on behalf of plaintiff, and the case was submitted on the brief-in-chief. On the basis of the following, we reverse the judgment granted plaintiff on his complaint for libel and affirm the dismissal of defendant's counterclaim.

Plaintiff filed his complaint for libel, alleging that defendant caused the publication of a certain memorandum to various persons and businesses, and that the memorandum defamed and libeled plaintiff and accused him of dishonest and criminal behavior. Defendant filed an answer, denying the pertinent allegations of the complaint, and he set forth six affirmative defenses. He also pled a counterclaim. The case came on for trial before the court without a jury. The court made its findings of fact and conclusions of law, entered judgment for plaintiff in the amount of $500 and dismissed the counterclaim.

Defendant was the sponsor of a conference held in February 1983. Plaintiff completed a registration form for the conference and submitted his check in payment for the $150 registration fee. As a result of his dissatisfaction with the conference, plaintiff contacted his bank and stopped payment on the check. Defendant, after having talked with plaintiff on the telephone, sent a letter to plaintiff demanding that the check be made good. Subsequently, defendant typed the subject memorandum and mailed it to plaintiff at the business address indicated on plaintiff's conference registration form.

The trial court found that defendant "caused to be published a memorandum to various persons and businesses," and that the "memorandum defamed Plaintiff's character and accused him of dishonest and criminal behavior" and that the accusations are "untrue and libelous."

In establishing a claim of defamation, a plaintiff must prove, inter alia, that the defendant published the defamatory communication. SCRA 1986, 13–1002(B)(1); *Bookout v. Griffin*, 97 N.M. 336, 639 P.2d 1190 (1982); *Poorbaugh v. Mullen*, 99 N.M. 11, 653 P.2d 511 (Ct.App.1982). Publication is defined as "an intentional or negligent communication to one other than the person defamed." SCRA 1986, 13–1003. *See also Poorbaugh v. Mullen*.

Defendant contends that the trial court finding as to publication is not supported by substantial evidence. Based on our review of the record, we agree. The evidence presented at trial with respect to publication is as follows. Defendant mailed the memorandum to plaintiff, personally, at the business address provided by plaintiff on his conference registration form. The memorandum was directed to a number of organizations, and plaintiff was mailed a copy for his information. Defendant explained he had prepared copies for each organization to which the memorandum was addressed, but, on advice of counsel, he discarded all copies but the one mailed to plaintiff. Defendant thought plaintiff was the boss of the business; he expected that only plaintiff would receive and read the memorandum; and, he intended that plaintiff be the only recipient of the memorandum since he did not mail a copy to any other person or entity. There was no evidence to the contrary.

A secretary for the business where plaintiff was employed testified that the envelope containing the memorandum was addressed to plaintiff and appeared personal. The secretary could not recall whether she had opened the envelope and then read the memorandum, or whether she first read it when plaintiff showed it to her. Plaintiff's

supervisor testified that he did see the memorandum before plaintiff did because it was office routine for all incoming mail to be first reviewed by him.

 For the purpose of our analysis, we assume, without deciding, that the memorandum is defamatory. If the findings of the trial court are supported by substantial evidence, we will not disturb those findings. *See Sanchez v. Homestake Mining Co.*, 102 N.M. 473, 697 P.2d 156 (Ct.App. 1985). The dispositive question then is whether there is substantial evidence that the memorandum was published. Publication would consist of the communication of the memorandum, through the negligent act of defendant, to a person other than plaintiff. SCRA 1986, 13–1009(B). *See Marchiondo v. Brown*, 98 N.M. 394, 649 P.2d 462 (1982). *See also Poorbaugh v. Mullen.* Publication, or negligent communication, does not occur, however, where the writing is sent only to the person defamed and a third person intercepts and reads it before it reaches the person defamed. *See generally* Annotation, *Libel and Slander: Publication by Accidental Communication, or Communication Only to Plaintiff,* 92 A.L.R.2d 219 at 227–231 (1963). *See also Cashio v. Holt,* 425 So.2d 820 94 (La.App.1982). We note that plaintiff did not request a finding as to negligence, and the case appears to have been tried on a theory of intentional publication.

 Upon the facts of this case, we hold that plaintiff did not present substantial evidence to show that defendant actually published the memorandum. The finding as to publication is not supported by substantial evidence. Thus, plaintiff's defamation action must fail, *cf. Bookout v. Griffin,* and the judgment of the trial court on plaintiff's complaint is reversed. As defendant has not cited this court to authority to support his contention that the trial court erred in denying his counterclaim, *see In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984), we affirm that denial. Because of these holdings, we need not discuss defendant's remaining appellate issues.

Defendant is awarded his costs on appeal.

IT IS SO ORDERED.

This court acknowledges the aid of the Honorable William R. Federici, and attorneys Daniel R. Cron and Joel Burstein in the preparation of this opinion. These attorneys constituted an advisory committee selected by the chief judge of this court, and we express our gratitude to them for the quality of their work and their voluntary service.

ALARID and MINZNER, JJ., concur.