This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GALE COOPER,**

    Plaintiff-Appellant/Cross-Appellee,

v.                                       **NO. 33,876**

**RICK VIRDEN, LINCOLN COUNTY**
**SHERIFF and CUSTODIAN OF RECORDS;**
**and STEVEN M. SEDERWALL, FORMER**
**LINCOLN COUNTY DEPUTY SHERIFF,**

    Defendants-Appellees/Cross-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Gale Cooper
Sandia Park, NM

Pro Se Appellant

Narvaez Law Firm, P.A.
Henry Narvaez
Carlos Sedillo
Albuquerque, NM

Brown Law Firm
Brown & Gurulé
Desiree D. Gurulé
Kevin Brown
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}    After seven years of litigation, Plaintiff Gale Cooper prevailed in her suit against officials affiliated with the Lincoln County Sheriff's Department (collectively, Defendants), alleging the unlawful withholding of public records related to the County's 2003-2005 investigation into whether Pat Garrett really killed William Bonney (commonly known as "Billy the Kid") on July 14, 1881. The district court applied the enforcement provisions of the New Mexico Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2013), and awarded nominal and punitive damages, costs, and "past attorney fees."

{2}    Plaintiff argues, in essence, that the district court erred in failing to consider and award statutory per diem damages available under IPRA. Defendants dispute that contention, and they also cross-appeal, arguing that the existing punitive damage award is foreclosed by *Faber v. King*, 2015-NMSC-015, 348 P.3d 173, and that attorney fees are barred by the doctrine of accord and satisfaction. We agree with Defendants. All issues involving statutory and punitive damages have been resolved by *Faber*, which was decided after the district court issued its order. Attorney fees

2

have already been settled. We vacate Plaintiff's award of punitive damages and attorney fees and affirm the district court's determination that statutory damages are not available. Because this is a memorandum opinion and because the parties are familiar with the case, we reserve discussion of the facts for our analysis of the issues on appeal.

**DISCUSSION**

**Standard of Review**

**{3}** Interpretation of IPRA is a question of law that we review de novo. *Id.* ¶ 8. "We construe IPRA in light of its purpose and interpret it to mean what the Legislature intended it to mean, and to accomplish the ends sought to be accomplished by it." *Id.* (internal quotation marks and citation omitted). "[W]hen a party is challenging a legal conclusion, the standard of review is whether the law was correctly applied to the facts." *Sunwest Bank of Albuquerque, N.A. v. Colucci*, 1994-NMSC-027, ¶ 8, 117 N.M. 373, 872 P.2d 346.

**Statutory Damages Are Not Available**

**{4}** "State agencies are supposed to make their documents available to the public under [IPRA]." *Faber*, 2015-NMSC-015, ¶ 1. When an agency wrongfully denies a request for documents, Section 14-2-12(D) provides actual damages, costs, and reasonable attorney fees to any person who successfully enforces the provisions of IPRA in court. *Id.* Separate statutory damages are available under Section 14-2-11(C)

when the agency does not adhere to denial procedures. *Faber*, 2015-NMSC-015, ¶ 12. Damages under the two sections serve distinct purposes. Section 14-2-11(B)(3) ensures "prompt compliance" in apprising the requester of his or her request, and "Section 14-2-12 ensures that IPRA requests are not wrongfully denied." *Faber*, 2015-NMSC-015, ¶ 29.

{5}    To meet the procedural requirements of Section 14-2-11, the custodian of records must provide the requester with a written explanation of the denial. Section 14-2-11(B) provides that:

The written denial shall:

(1)    describe the records sought;

(2)    set forth the names and titles or positions of each person responsible for the denial; and

(3)    be delivered or mailed to the person requesting the records within fifteen days after the request for inspection was received.

In the event of noncompliance, the custodian is subject to statutory damages. Section 14-2-11(C) provides that:

Damages shall:

(1)    be awarded if the failure to provide a timely explanation of denial is determined to be unreasonable;

(2)    not exceed one hundred dollars ($100) per day;

(3)    accrue from the day the public body is in noncompliance until a written denial is issued; and

4

(4)     be payable from the funds of the public body.

"It is when the custodian fails to respond to a request or deliver a written explanation of the denial that the public entity is subject to Section 14-2-11 damages." *Faber*, 2015-NMSC-015, ¶ 16. When a timely denial letter is issued, but the request is wrongfully denied, recovery is limited to the remedies available under Section 14-2-12. *Faber*, 2015-NMSC-015, ¶¶ 29, 32. This construction of IPRA ensures that public entities are allowed to present their reasons—right or wrong—for nonproduction of documents without facing statutory per diem penalties that might otherwise accrue over several years of litigation. *Id.* ¶¶ 30, 34.

{6}     The district court found that Plaintiff made requests for four categories of public records related to the Billy the Kid investigation undertaken by Defendant Rick Virden, who was the Lincoln County Sheriff after 2005, and Defendant Steve Sederwall, who was involved in the investigation as a sheriff's deputy since 2003. The County responded with letters denying those requests, but the district court found the denial letters to be "improper" and "without valid IPRA exceptions." The court then entered a conclusion of law that the letters did not comply with IPRA's procedural requirements for written denials set forth in Section 14-2-11(B), subjecting Virden, as the custodian of records, to monetary damages.

{7}     But no damages were awarded under Section 14-2-11 for procedural violations. And in fact, there were no procedural violations. *See Bass Enters. Prod. Co. v. Mosaic*

5

*Potash Carlsbad Inc.*, 2010-NMCA-065, ¶ 49, 148 N.M. 516, 238 P.3d 885 ("Upon review, we will not defer to the district court's conclusions of law."). The initial IPRA request for the first two categories of records was made to Sheriff Virden in a letter dated April 24, 2007. On behalf of Sheriff Virden, counsel for Lincoln County responded in writing three days later, denying the existence of both categories of records. The second request was made on May 9, 2007. Counsel for Lincoln County again promptly responded (in two days this time) on behalf of Sheriff Virden, denying the existence of all of the remaining requested records. Section 14-2-11 requires nothing more.

{8}    That the denials were "improper" and "without valid IPRA exceptions[,]" as the district court found, does not mean that they were out of compliance with IPRA's procedural requirements. *See Faber*, 2015-NMSC-015, ¶ 16 ("It is when the custodian fails to respond to a request or deliver a written explanation of the denial that the public entity is subject to Section 14-2-11 damages."); *id.* ¶ 31 ("Section 14-2-11 ensures prompt compliance by allowing for statutory damages of up to $100 per day if a public body fails to timely respond to a records request."). Otherwise, every wrongful denial would be subject to Section 14-2-11's statutory damage provision, and every public entity would face a penalty of up to one hundred dollars per day for asserting its reasons—right or wrong—for not producing records. That is precisely the

6

construction of IPRA that is now foreclosed by *Faber*, 2015-NMSC-015, ¶¶ 29, 30, 34.

**{9}** Plaintiff's remedy for the wrongful denials of her records requests is entirely contained within Section 14-2-12. Plaintiff's related contention that the district court evinced bias in failing to award statutory damages is not well taken. *State v. Fernandez*, 1994-NMCA-056, ¶ 15, 117 N.M. 673, 875 P.2d 1104 ("Judicial bias must be personal and cannot be based on adverse rulings."). Plaintiff's argument that *Faber* is "fatally flawed" is better addressed to the Supreme Court in a petition for certiorari. *See State v. Manzanares*, 1983-NMSC-102, ¶ 3, 100 N.M. 621, 674 P.2d 511 (stating that the Court of Appeals is governed by the precedents of the New Mexico Supreme Court).

**Punitive Damages Are Not Available**

**{10}** Defendants acted egregiously in this case. The district court found that Sheriff Virden feigned ignorance about the existence of the requested records, and Deputy Sederwall resigned from his post, declaring that the records were "private property," which he offered for sale on his website. Defendants made minimal effort to comply with IPRA, even after being ordered by the court to do so. Deputy Sederwall was "wilful[ly]" involved in altering requested reports to remove law enforcement information.

7

**{11}** Since Plaintiff did not prove compensatory damages, which are recoverable under Section 14-2-12(D), the district court awarded nominal damages of $1000 and punitive damages of $100,000 for conduct that was willful, wanton, and in bad faith. Our Supreme Court subsequently decided *Faber*, holding that "Section 14-2-12 does not authorize punitive damages." *Faber*, 2015-NMSC-015, ¶ 26.

**{12}** On appeal, Plaintiff characterizes the $100,000 damage award as involving contempt damages, discovery sanctions, or "non-IPRA" penalties associated with the litigation itself. The record does not support that characterization. The court's order awarding damages states that the "case at hand" is for "enforcement of IPRA." Defendants' "actions and/or inactions in responding to Plaintiff's IPRA requests," the order states "are in violation of IPRA law and subject to sanctions." The order expressly awards nominal and punitive damages pursuant to IPRA's enforcement provision, Section 14-2-12(D), relying on the apparent availability of those damages after our opinion in *Faber v. King*, 2013-NMCA-080, ¶ 17, 306 P.3d 519, which was later reversed. *See Faber*, 2015-NMSC-015, ¶ 41. Punitive damages that were unquestionably awarded for enforcement of IPRA must be vacated. *See id.* ¶ 26.

**Attorney Fees Were Already Settled**

**{13}** Plaintiff, who is now *pro se*, was represented by several attorneys before the district court. She does not dispute that claims for attorney fees payable to Martin

8

Threet, John Tiwald, and William Riordan were resolved in court-ordered mediation on March 26, 2013. She was a party to that settlement agreement. Plaintiff's cost affidavit, filed on May 23, 2014, characterized retainer and other payments to those same attorneys as "costs," totaling $10,994.28. The district court ultimately awarded that amount as "past attorney fees" over Defendants' objection.

{14}     "[A] release given by one party pursuant to a settlement with a second party constitutes an accord and satisfaction of all claims between the two parties arising out of the incident giving rise to the liability, absent an express reservation of rights by the settling party." *Vidal v. Am. Gen. Cos.*, 1990-NMSC-003, ¶ 13, 109 N.M. 320, 785 P.2d 231. Plaintiff has no quarrel with the doctrine of accord and satisfaction, but she argues that the district court erroneously labeled the award as attorney fees, which are barred by the settlement agreement, instead of costs, which were not settled—and are still available under Section 14-2-12(D). She asserts that costs, under IPRA, includes all out-of-pocket payments and all expenses of litigation, presumably including the "[c]osts for [a]ttorney[s]" that she submitted in her affidavit.

{15}     We conclude that the district court correctly designated the $10,994.28 as attorney fees. The only error was in awarding them. Section 14-2-12(D) provides for both costs and reasonable attorney fees. We assume that the Legislature did not consider "[c]osts for attorney[s]" to be anything other than attorney fees, or else the fee provision of the statute would be meaningless, and the two damage provisions

9

would be redundant. *State v. Javier M.*, 2001-NMSC-030, ¶ 32, 131 N.M. 1, 33 P.3d 1 ("[A] statute must be construed so that no part of the statute is rendered surplusage or superfluous." (internal quotation marks and citation omitted)). Pursuant to the settlement agreement, the award for "past attorney fees" is hereby set aside. Plaintiff's request for sanctions against Defendants' attorneys on the ground that the cross-appeal is frivolous is denied.

**CONCLUSION**

{16}     We affirm the district court's determination that statutory damages are not available. We vacate the punitive damage and fee awards.

{17}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**